[No. B190658. Second Dist., Div. Six. Aug. 29, 2006.]

THE PEOPLE, Plaintiff and Respondent, v.
JARED J. CRANE, Defendant and Appellant.

426

**COUNSEL**

Law Office of Thomas S. Crary and Thomas S. Crary for Defendant and Appellant.

Margaret O'Malley for Plaintiff and Respondent.

## Opinion

**YEGAN, J.**—In this driving under the influence case with an out-of-state prior conviction, we granted transfer from the Appellate Department of the Superior Court, County of Santa Barbara (opn. by Anderle, P. J. with Flores, and de Bellefeuille, JJ., concurring) to further study the issue of whether the Colorado state prior conviction can serve for purposes of sentence enhancement. After such study, we have concluded that the appellate division opinion correctly treats and disposes of the issue. We adopt it as and for the opinion of this court with appropriate deletions and additions. (See, e.g., *Estate of McDill* (1975) 14 Cal.3d 831, 833–834 [122 Cal.Rptr. 754, 537 P.2d 874].)

Defendant Jared J. Crane appeals from the sentence imposed after his conviction for violation of Vehicle Code sections 23152, subdivision (a) and 23152, subdivision (b). He contends that there was insufficient evidence at trial to establish that his prior conviction in Colorado for driving while ability impaired, in violation of Colorado Revised Statutes section 42-4-1301(1)(b), would have been a violation of either Vehicle Code section 23152, subdivision (a) (driving under the influence of alcohol) or section 23152, subdivision (b) (driving with blood-alcohol level of 0.08 percent or greater) if committed in California. As a result, defendant contends the Colorado conviction did not meet the standard set forth in Vehicle Code section 23626, and could not be used in California for any purpose under the Vehicle Code, including as a prior conviction for purposes of imposing sentence enhancements under Vehicle Code section 23540. We agree, and reverse.

Defendant was arrested on August 26, 2004, and charged with violations of Vehicle Code sections 23152, subdivision (a) and 23152, subdivision (b), to which he pleaded not guilty. On April 18, 2005, the district attorney filed a motion to amend the complaint, seeking to add the allegation that defendant had suffered a prior DUI (driving under the influence) conviction in Colorado which could be used to enhance his sentence if he was convicted of the pending charges. A copy of the record of the Colorado conviction was attached to the motion. Defendant opposed the motion to amend on grounds that the Colorado conviction was not for an offense which, if committed in California, would be a violation of Vehicle Code sections 23152, subdivision (a) or 23152, subdivision (b), and it therefore could not be used to enhance his sentence under Vehicle Code section 23540. The documents noted that, although defendant had originally been charged with both driving under the influence and driving while ability impaired in Colorado, the greater driving under the influence charge had been dismissed, and defendant had pleaded to driving while ability impaired. In various locations in the records, defendant was indicated to have had a 0.093 percent blood-alcohol

level (BAC) at the time of his arrest, including on (1) a computer-generated arrest report, (2) a handwritten note in the margin of a document entitled "Court Minutes," in the section entitled "Trial/Plea/Sentence," (3) a computer-generated Colorado driver history report, and (4) a computer-generated case summary (where the BAC was noted only with reference to the dismissed driving under the influence charge, and not to the driving while ability impaired charge to which defendant had pleaded).

Determination of the motion was deferred, and trial was ultimately set to commence on June 6, 2005, in department 12. The trial court did not determine the motion to amend prior to the commencement of trial, and the parties agreed that if it was eventually granted, trial of that issue would be bifurcated from and held after conclusion of the trial on the pending charges. As the jury was deliberating on the pending charges, the court announced it would grant the motion. Defendant then waived his right to a jury trial and admitted the fact of his Colorado conviction, reserving his right to appeal the issue of whether it qualified as a prior conviction for purposes of the sentence enhancement. On June 13, 2005, the jury returned a guilty verdict on the pending charges. The People submitted no additional evidence with respect to the Colorado conviction, and the trial court sentenced defendant under the provisions of Vehicle Code section 23540, based solely upon defendant's admission of the fact of his conviction, and the language of the statute he admitted violating.

Defendant has appealed from the sentence imposed, contending that the prior Colorado conviction was not for an offense which, if committed in California, would be a violation of Vehicle Code section 23152, subdivision (a) or subdivision (b).

Vehicle Code section 23626 provides: "A conviction of an offense in any state, territory, or possession of the United States . . . which, if committed in this state, would be a violation of Section 23152 or 23153 of this code, or Section 191.5 of, or paragraph (3) of subdivision (c) of Section 192 of, the Penal Code, is a conviction of Section 23152 or 23153 of this code, or Section 191.5 of, or paragraph (3) of subdivision (c) of Section 192 of, the Penal Code for the purposes of this code."

■ In enacting Vehicle Code section 23626, the Legislature apparently made a qualitative determination that only out-of-state offenses reaching the level of DUI (Veh. Code, § 23152), DUI with bodily injury (Veh. Code, § 23153), vehicular manslaughter (Pen. Code, § 191.5), or vehicular homicide (Pen. Code, § 192, subd. (c)(3)), could be used in California for any purpose under the Vehicle Code. This limitation would necessarily include the determination of whether the out-of-state convictions could qualify as prior offenses for

purposes of Vehicle Code sections 23540 (enhanced sentence where there is one prior qualifying conviction within 10 years), 23546 (enhanced sentence where there are two prior qualifying convictions within 10 years), and 23550 (enhanced sentence where there are three prior qualifying convictions within 10 years). Consequently, even though sections 23540, 23546, and 23550 expressly allow lesser offenses committed in California (e.g., "wet reckless" convictions under Veh. Code, § 23103.5) to qualify as prior convictions for sentence enhancement purposes, section 23626 would prohibit use of the out-of-state equivalents of such lesser charges for any purpose, including for sentence enhancement purposes.

No California case has interpreted Vehicle Code section 23626, to provide guidance to trial courts in analyzing whether or when an out-of-state offense "would be" a qualifying conviction if committed in California. Cases exist, however, interpreting whether out-of-state DUI convictions can be used as priors for purposes of administrative license suspension proceedings before the Department of Motor Vehicles, and whether out-of-state criminal convictions can be used for purposes of statutory sentencing enhancements for prior qualifying convictions. Different standards are used in the administrative and criminal contexts, and this court has concluded that the administrative standard is inconsistent with the express terms of section 23626 which, like the criminal standard, requires that the foreign offense "would be" a qualifying offense if it had been committed in California.

■ In administrative driver's license suspension proceedings, a prior conviction in a foreign jurisdiction can be used as a prior offense to enhance the suspension term, if the violation was of a substantially similar nature to a violation in California of Vehicle Code section 23152, subdivision (a) or subdivision (b). (Veh. Code, §§ 15022, 15023; *McDonald v. Department of Motor Vehicles* (2000) 77 Cal.App.4th 677 [91 Cal.Rptr.2d 826].) In *McDonald*, the court found that Colorado's driving while ability impaired statute—the same statute at issue in this case—was not identical to DUI in California, given the varying levels of impairment required for conviction by the two statutes. However, it found that such varying levels did not prevent a finding that the two statutes were substantially similar, for purposes of enhanced administrative driver's license suspension provisions.

In reaching its conclusion, the *McDonald* court expressly noted the deterrence purposes of the driver license compact (Veh. Code, § 15000 et seq.), under which party states are required to report convictions of persons from another state to the licensee's home state, and which allows such convictions to be treated by the home state licensing authority as if they were committed in the home state, so long as they are of a "substantially similar nature." (Veh. Code, §§ 15022, 15023.) The *McDonald* court expressly found inapplicable

to administrative license suspension proceedings the criminal test for use of foreign convictions as priors for purposes of sentence enhancements, noting both that the criminal test involved a more stringent standard (whether the prior offense involved conduct which satisfies all of the elements of the comparable California offense, rather than the substantial similarity of the two laws), and that license suspension proceedings were civil in nature, not criminal.

The People argue that *McDonald*'s analysis with respect to the substantial similarity of the two statutes should suffice with respect to the determination whether violation of the Colorado statute would constitute a priorable offense under Vehicle Code section 23626. We disagree. While this prosecution is "only" a misdemeanor, it is still criminal in nature, and the analysis of the two statutes changes when the "substantially similar" standard is abandoned for the proper criminal standard.

■ As the *McDonald* court readily acknowledged, the Colorado statute is not identical to Vehicle Code section 23152. (*McDonald v. Department of Motor Vehicles, supra,* 77 Cal.App.4th 677, 686.) Colorado differentiates between driving while ability impaired, under which it is illegal for a person to drive when affected *to the slightest* degree so that he is less able than he ordinarily would have been to exercise due care in the safe operation of a vehicle, and driving under the influence, which requires the driver to be *substantially incapable of safe operation of a vehicle.* The California statute prohibits driving "under the influence," defined as when, as a result of drinking alcohol, the person's physical or mental abilities are impaired to such a degree that he no longer has the ability to drive a vehicle with the caution characteristic of a sober person of ordinary prudence under the same or similar circumstances. (*Id.* at p. 686, citing *People v. Weathington* (1991) 231 Cal.App.3d 69, 81 [282 Cal.Rptr. 170].) Certainly, it is not necessary to prove any specific degree of intoxication under section 23152, subdivision (a), but *Weathington* makes clear that section 23152 requires impairment "to an appreciable degree." (*People v. Weathington, supra,* 231 Cal.App.3d at p. 81 [although revisions in criminal jury instructions had removed the "to an appreciable degree" language, the alteration resulted from an attempt to eliminate unnecessary language, and there was no other meaning that could be given to California's definition of DUI].)

Because the Colorado driving while ability impaired statute punishes "the slightest degree" of impairment, and because Vehicle Code section 23152 requires impairment to an appreciable degree, the Colorado statute punishes conduct which would not violate section 23152. It therefore does not meet the test set forth in section 23626, in spite of the *McDonald* court's finding of substantial similarity for administrative purposes.

■ In the criminal context, a defendant whose prior conviction was suffered in another jurisdiction is subject to the same punishment as a person previously convicted of an offense involving the same conduct in California. (*People v. Myers* (1993) 5 Cal.4th 1193, 1201 [22 Cal.Rptr.2d 911, 858 P.2d 301].) Enhancement is only permissible when the conduct underlying the foreign conviction would meet all of the elements of the California offense. (*People v. Guerrero* (1988) 44 Cal.3d 343 [243 Cal.Rptr. 688, 748 P.2d 1150].) In making that determination, the trier of fact may look to the entire record of the conviction, but no further. (*People v. Guerrero, supra*, 44 Cal.3d at p. 355.) This restriction promotes the efficient administration of justice, but also bars the prosecution from relitigating the circumstances of a prior crime.

If the statutory definition of the crime in the foreign jurisdiction contains all of the necessary elements to meet the California definition, the inquiry ends. If the statutory definition of the crime in the foreign jurisdiction does not contain the necessary elements of the California offense, the court may consider evidence found within the record of the foreign conviction in determining whether the underlying conduct would have constituted a qualifying offense if committed in California, so long as the use of such evidence is not precluded by rules of evidence or other statutory limitation. (*People v. Myers, supra*, 5 Cal.4th 1193.) Where the record presented at trial does not competently disclose the facts of the offense actually committed, the court will presume that the prior conviction was for the least offense punishable under the foreign law. (*People v. Guerrero, supra*, 44 Cal.3d at 355.)

■ We have already noted that the statutory definitions vary to such a degree that conviction of driving while ability impaired would not necessarily constitute a violation of Vehicle Code section 23152. Rather, more is required other than the fact of conviction, in order to impose the Vehicle Code section 23540 prior conviction sentence enhancement. Certainly, in determining whether the conduct underlying the prior conviction would have violated Vehicle Code section 23152, the trial court would be entitled to look to the entire record of the foreign conviction. (*People v. Guerrero, supra*, 44 Cal.3d 343.) Here, however, the record of the Colorado conviction was never offered or admitted into evidence at trial. Rather, after being convicted by the jury of the pending charges, defendant admitted only the *fact* of his 2000 conviction for violation of Colorado Revised Statutes section 42-4-1301(1)(b) (driving while ability impaired). Because the facts underlying the Colorado offense were not before the trial court, it was required to presume that the Colorado conviction was for the least offense punishable under Colorado law, i.e., driving while impaired "to the slightest degree." Because that standard does not violate section 23152, imposition of an enhanced sentence based upon the prior Colorado conviction was error.

The People cite *Komas v. Future Systems, Inc.* (1977) 71 Cal.App.3d 809 [139 Cal.Rptr. 669], for the proposition that the failure to formally and expressly offer documents into evidence is not necessarily fatal where the court and the parties treat the documents as if they were in evidence. The principle is not applicable under the circumstances presented by this case. *Komas* involved a third party claim to a security interest in assets of a debtor upon which a judgment creditor was attempting to levy. In that case, the "evidence" considered by the court included the third party claimant's verified claim and the supporting documents attached thereto. There is a world of difference between a *civil hearing* on a third party claim to assets, in which the evidence considered by the trial court in determining the validity of the claim is customarily *and properly* submitted via verified pleadings or declarations, and a criminal defendant's due process right to be sentenced based only upon competent evidence properly offered and admitted at trial, and which meets the People's burden to prove the sentence enhancement beyond a reasonable doubt. (See *People v. Encinas* (1998) 62 Cal.App.4th 489, 492 [72 Cal.Rptr.2d 622] [the fact that the trial court had, in ruling on a pretrial motion, learned of the facts establishing the manner in which a prior was committed, did not relieve the district attorney of the obligation to present evidence at trial to show that the prior offense was committed in such a manner as to qualify as a sentence-enhancing prior conviction].)

Even if the record of the Colorado conviction had been properly presented to the trial court, however, the result would not change. Normal rules of evidence apply to such records. (See *People v. Woodell* (1998) 17 Cal.4th 448, 458 [71 Cal.Rptr.2d 241, 950 P.2d 85].) Here, there was nothing in the record of conviction to establish the conduct giving rise to defendant's plea to and conviction of driving while ability impaired, including the purported 0.093 percent BAC. The documents on which the BAC was noted, including (1) the computer-generated arrest report, (2) the handwritten note *in the margin*—and not in the body—of a document entitled Court Minutes, in the section entitled Trial/Plea/Sentence, (3) the computer-generated Colorado driver history report, and (4) the computer generated case summary (which noted the BAC only with reference to the dismissed DUI charge), were not proper parts of the "record of conviction" of which the court could take judicial notice, were inadmissible hearsay, and did not in any way establish that the BAC was either admitted by or adjudicated against defendant in Colorado. Consequently, even had the trial court considered the record of conviction, there was no competent evidence in the record to support a determination that defendant's Colorado offense *would have* constituted a violation of Vehicle Code section 23152, and imposition of the enhanced sentence would still have been error.

*Disposition*

The sentence imposed is vacated. The matter is remanded for resentencing without reference to appellant's prior conviction as a Vehicle Code section 23540 enhancement.

Gilbert, P. J., and Coffee, J., concurred.