#24304-rev & rem-SLZ

**2007 SD 78**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,                 Plaintiff and Appellant,

  v.

WAYNE L. DUCHENEAUX,                 Defendant and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FOURTH JUDICIAL CIRCUIT
LAWRENCE COUNTY, SOUTH DAKOTA

* * * *

HONORABLE WARREN G. JOHNSON
Judge

* * * *

LAWRENCE E. LONG
Attorney General

KATIE L. HANSEN
Assistant Attorney General         Attorneys for plaintiff
Pierre, South Dakota               and appellant.

JOSEPH M. KOSEL of
Johns & Kosel, Prof. LLC         Attorneys for defendant
Lead, South Dakota                and appellee.

* * * *

CONSIDERED ON BRIEFS
ON MAY 21, 2007

OPINION FILED **07/25/07**

ZINTER, Justice

[¶1.] Wayne Ducheneaux was charged with driving while under the influence (DUI). A Part II Information alleging that this was a third DUI offense was also filed. The circuit court granted Ducheneaux's motion to strike the Part II Information. The State appeals. We reverse.

[¶2.] Ducheneaux was arrested in 2006 for driving with a blood alcohol content of 0.08 or more. He was alternatively charged with DUI under SDCL 32-23-1(1) and (2). The State's attorney also filed a Part II Information alleging that Ducheneaux had two prior DUI convictions. One of the prior offenses was a 2003 Colorado conviction for driving while ability impaired (DWAI). Ducheneaux moved to strike the Part II Information on the ground that the Colorado conviction was not substantially similar to the elements of South Dakota's DUI statute, and therefore, could not be considered a prior offense under SDCL 32-23-4.5. The circuit court granted the motion to strike and the State appeals raising one issue:

> Whether a conviction under Colorado's driving while ability impaired statute could be considered a prior driving under the influence offense under SDCL 32-23-4.5.

We review such questions of statutory interpretation de novo. State v. Asmussen, 2006 SD 37, ¶12, 713 NW2d 580, 586.

[¶3.] Under SDCL 32-23-4.5, any prior offense committed by a defendant in any state in the past ten years may be considered a prior offense as long as it would have been a violation of SDCL 32-23-1 if committed in this State:

> Any conviction for, or plea of guilty to, an offense in another state which, if committed in this state, would be a violation of § 32-23-1, and occurring within ten years prior to the date of the

> violation being charged, shall be used to determine if the violation being charged is a second, third, or subsequent offense.

SDCL 32-23-1(2) defines the elements of DUI in South Dakota:

> No person may drive or be in actual physical control of any vehicle while: . . .
>
> (2) Under the influence of an alcoholic beverage, marijuana, or any controlled drug or substance not obtained pursuant to a valid prescription, or any combination of an alcoholic beverage, marijuana, or such controlled drug or substance[.]

The comparable Colorado statute defines the elements of DWAI as:

> (b) It is a misdemeanor for any person who is impaired by alcohol or by one or more drugs, or by a combination of alcohol and one or more drugs, to drive any vehicle in this state. . . .
>
> (g) "Driving while ability impaired" means driving a vehicle when a person has consumed alcohol or one or more drugs, or a combination of both alcohol and one or more drugs, which alcohol alone, or one or more drugs alone, or alcohol combined with one or more drugs, affects the person to the slightest degree so that the person is less able than the person ordinarily would have been, either mentally or physically, or both mentally and physically, to exercise clear judgment, sufficient physical control, or due care in the safe operation of a vehicle.

Colo. Rev. Stat. 42-4-1301(1)(b) and (g).

[¶4.]     Although the South Dakota statute does not define the under the influence offense in detail like the Colorado DWAI statute, this Court has often stated the elements of "under the influence," within the meaning of SDCL 32-23-1(2) as follows:

> [T] his phrase covers "not only all well known and easily recognized conditions and degrees of intoxication, *but any abnormal mental or physical condition which is the result of indulging in any degree in alcoholic liquor and which tends to deprive [the defendant] of that clearness of intellect and control of himself which [the defendant] would otherwise possess.*"

> State v. Hullinger, 2002 SD 83, ¶14, 649 NW2d 253, 259
> (quoting State v. Masteller, 86 SD 514, 517, 198 NW2d 503, 505
> (1972) (emphasis added)).  Therefore, it is not required that a
> defendant display the easily observable signs of impairment
> such as staggering or slurred speech.  Rather, any abnormal
> mental or physical condition that deprives an individual of the
> clearness of intellect and self control that they would otherwise
> possess will suffice.

State v. Motzko, 2006 SD 13, ¶8, 710 NW2d 433, 437 (emphasis in original).  *See also* State v. Dale, 66 SD 418, 421-422, 284 NW 770, 771-772 (1939); State v. Vandergrift, 1997 SD 5, ¶7, 558 NW2d 862, 863.  Considering this definition, the elements of SDCL 32-23-1(2) are substantially similar to the elements of Colo. Rev. Stat. 42-4-1301(1)(g).  They are substantially similar because, like our common-law definition, the Colorado statute only requires that the alcohol "affect[s] the person to the slightest degree so that the person is less able than the person ordinarily would have been, either mentally or physically, or both mentally and physically, to exercise clear judgment, sufficient physical control, or due care in the safe operation of a vehicle."  Colo. Rev. Stat. 42-4-1301(g).

[¶5.]     The circuit court incorrectly focused on considerations that are not relevant to determining whether the elements of Colorado's DWAI statute are substantially similar to South Dakota's DUI statute.  The court noted differences between the blood alcohol content statutes in Colorado and South Dakota and Colorado's different evidentiary inferences arising from blood alcohol levels.  The court also noted that DWAI is a lesser included DUI offense in Colorado.  However, SDCL 32-23-1(2) does not involve a blood alcohol content, and the lesser included offense analysis is not relevant in determining whether the elements of Colorado's

DWAI statute are substantially similar to the elements of South Dakota's DUI statute.

[¶6.]     Because the elements of Colo. Rev. Stat. 42-4-1301(1)(g) are substantially similar to SDCL 32-23-1(2), the Colorado conviction can be considered a prior offense in Ducheneaux's Part II Information.

[¶7.]     Reversed and remanded for proceedings consistent with this opinion.

[¶8.]     GILBERTSON, Chief Justice, and SABERS, KONENKAMP, and MEIERHENRY, Justices, concur.