2008-NMCA-070

184 P.3d 1050

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Darell L. LEWIS, Defendant–Appellant.**

**No. 27,316.**

Court of Appeals of New Mexico.

Feb. 6, 2008.

Certiorari Denied, No. 30,970,
April 3, 2008.

Gary K. King, Attorney General, Santa Fe, NM, James W. Grayson, Assistant Attorney General, Albuquerque, NM, for Appellee.

John A. McCall, Albuquerque, NM, for Appellant.

## OPINION

SUTIN, Chief Judge.

{1} This appeal presents the question whether a Colorado conviction for driving while ability impaired (DWAI) can be used to enhance a defendant's sentence for driving while under the influence of intoxicating liquor or drugs (DWI) under NMSA 1978, § 66–8–102 (2005) (amended 2007). Defendant Darell L. Lewis challenges his conviction for felony DWI based on a fourth offense, claiming that he has only two prior convictions. *See* § 66–8–102(G) (providing that an offender is guilty of a fourth degree felony upon a fourth conviction for DWI). Defendant argues that the Colorado offense of DWAI cannot be used for sentencing purposes under Section 66–8–102 because (1) it occurred outside New Mexico, and (2) DWAI is not equivalent to a New Mexico DWI. We hold that Section 66–8–102 requires that equivalent out-of-state convictions be used to enhance a defendant's sentence for repeated DWI convictions. We also hold that Defendant's Colorado conviction for DWAI is equivalent to a New Mexico DWI conviction. We therefore affirm.

## BACKGROUND

{2} The State charged Defendant with DWI (fourth or subsequent offense), aggravated battery, and false imprisonment. Defendant pleaded guilty in the alternative to felony or misdemeanor DWI and no contest to false imprisonment. The district court accepted the plea. In its amended judgment, the district court noted that, pursuant to no contest pleas accepted by the court, Defendant was convicted of DWI, a fourth degree felony, and false imprisonment. During sentencing, the State informed the district court that Defendant had three prior DWIs. Defendant conceded that he had two prior DWI convictions, but argued that his Colorado conviction for DWAI could not be used to enhance his sentence under Section 66–8–102. The district court disagreed and found that Defendant had three prior DWI convictions, two in municipal court in New Mexico and one in Colorado. The information in the record concerning the Colorado conviction is that Defendant was convicted on September 9, 1994, in Cause No. 93–001944, for an offense in La Plata County, Colorado, occurring on or about November 22, 1993. The district court sentenced Defendant to eighteen months as provided for by statute for his fourth conviction. *See* § 66–8–102(G) (providing that "[u]pon a fourth conviction pursuant to this section, an offender is guilty of a fourth degree felony and … shall be sentenced to a term of imprisonment of eighteen months, six months of which shall not be suspended, deferred or taken under advisement").

{3} On appeal, Defendant challenges the district court's use of his Colorado DWAI conviction in determining that his present DWI conviction is his fourth within the meaning of Section 66–8–102(G), contending instead that this is his third conviction under Section 66–8–102(F), which carries a punishment of no more than 364 days, constituting a misdemeanor.

## DISCUSSION

{4} Defendant raises two issues on appeal: (1) whether Section 66–8–102 permits the use of DWI convictions from other states in determining the number of a defendant's prior DWI convictions, and (2) whether Defendant's Colorado conviction for DWAI constitutes an equivalent DWI conviction under Section 66–8–102.

**The District Court Did Not Err in Sentencing Defendant to Felony DWI When One of His Prior Convictions Was a Conviction for DWAI in the State of Colorado**

■ {5} Defendant first contends that the Colorado offense of DWAI cannot be used to enhance his DWI penalty under Section 66–8–102 because it is an out-of-state conviction. In response, the State argues that the language and history of Section 66–8–102 clearly demonstrate that the Legislature intended that DWI convictions from other states be used to determine the appropriate punishment for a violation of the statute.

**Standard of Review and Canons of Construction**

■ {6} The interpretation of a statute is a question of law we review de novo. *State v. Smith*, 2004–NMSC–032, ¶ 8, 136 N.M. 372, 98 P.3d 1022. The primary aim of statutory construction is to "give effect to the intent of the Legislature." *Id.* (internal quotation marks and citation omitted). "We begin by looking at the language of the statute itself." *Id.* ¶ 9. When "the meaning of a statute is truly clear—not vague, uncertain, ambiguous, or otherwise doubtful—it is of course the responsibility of the judiciary to apply the statute as written." *State ex rel. Helman v. Gallegos*, 117 N.M. 346, 352, 871 P.2d 1352, 1358 (1994).

■ {7} In the event there is any doubt as to the meaning of the words of a statute, we also consider the statute's history and background. *See id.* at 353, 871 P.2d at 1359 (noting that a statute's history and background may help clarify an ambiguity). We construe a statute in the context of its history and legislative objectives, reading statutes in pari materia to ascertain legislative intent. *See State v. Cleve*, 1999–NMSC–017, ¶ 8, 127 N.M. 240, 980 P.2d 23. When a statute has been amended, "[t]he amended language must be read within the context of the previously existing statute." *See State ex rel. Stratton v. Serna*, 109 N.M. 1, 3, 780 P.2d 1148, 1150 (1989).

■ {8} Finally, New Mexico courts apply a rule of strict interpretation of penal statutes. *State v. Nelson*, 1996–NMCA–012,

¶ 7, 121 N.M. 301, 910 P.2d 935. Statutes defining criminal conduct, and providing for additional or enhanced penalties for criminal conduct, "are strictly construed and any doubts regarding construction of criminal statutes are resolved in favor of lenity." *Id.* "If it is not clear that the legislature intended an enhanced sentence, no enhancement will be applied." *Id.* (alteration omitted) (internal quotation marks and citation omitted). However, even with respect to the rule of lenity, the language of penal statutes must be given a reasonable construction. *Id.*

**Section 66–8–102**

■ {9} In Section 66–8–102, the Legislature clearly expressed its intent to increase penalties for the crime of DWI based on the number of times an offender has been convicted of DWI. *See State v. Hernandez*, 2001–NMCA–057, ¶¶ 23–26, 130 N.M. 698, 30 P.3d 387 (noting that DWI sentencing is tied to recurrence of the offense). "[R]epetition of offense is accounted for by increasing the basic punishment per numbered conviction." *Id.* ¶ 30. Misdemeanor penalties steadily increase for the first, second, and third convictions, while punishment at the felony level similarly increases for the fourth through seventh convictions. *See* § 66–8–102(E)–(J). The penalty provisions of Section 66–8–102 were "intended to enhance the sentence for repeat offenders rather than to create a new offense with discrete elements." *State v. Anaya*, 1997–NMSC–010, ¶ 18, 123 N.M. 14, 933 P.2d 223.

{10} The specific penalty provision at issue in this appeal is Section 66–8–102(G). Section 66–8–102(G) provides that "[u]pon a fourth conviction pursuant to this section, an offender is guilty of a fourth degree felony." In another subsection under Section 66–8–102, the Legislature further provides:

A conviction pursuant to a municipal or county ordinance in New Mexico or a law of any other jurisdiction, territory or possession of the United States or of a tribe, when that ordinance or law is equivalent to New Mexico law for driving while under the influence of intoxicating liquor or drugs, and prescribes penalties for driving while under the influence of intoxicating

liquor or drugs, shall be deemed to be a conviction pursuant to this section for purposes of determining whether a conviction is a second or subsequent conviction.

§ 66–8–102(Q).

{11} Based on the plain language, we agree with the State that the meaning of the statute is clear. Subsection (G) provides that an offender is guilty of a fourth degree felony upon a fourth conviction pursuant to Section 66–8–102. Subsection (Q) expressly establishes which prior convictions are to be used in determining the appropriate penalty level. Under Subsection (Q), a DWI-equivalent conviction from another state shall constitute a DWI conviction under Section 66–8–102 in determining whether the current conviction in New Mexico is a second or subsequent conviction, as long as the out-of-state conviction is based on a law that is equivalent to Section 66–8–102 and prescribes penalties for DWI. Thus, when a defendant has three prior convictions, a defendant must be sentenced for a fourth DWI conviction pursuant to 66–8–102(G), even though not all of the convictions occurred in New Mexico. Subsection (Q) requires a sentencing court to give effect to a defendant's out-of-state convictions. Because the statute is clear, it should be applied as written.

{12} Despite the express language in Subsection (Q) relating to out-of-state convictions, Defendant contends that the Legislature has never clearly indicated its intent to include convictions from other jurisdictions for the purposes of criminal enhancement pursuant to Section 66–8–102. To support this argument, Defendant points to the language in Subsection (G) which states "pursuant to this section." Defendant argues that by using the phrase "pursuant to this section" without elaboration, the Legislature did not expressly provide for the use of out-of-state convictions for enhancement purposes. Rather, in Defendant's view, the Legislature limited prior convictions that could be considered to those obtained pursuant to Section 66–8–102, in other words, convictions obtained in New Mexico.

{13} Defendant argues that this issue is still controlled by *Nelson*. In *Nelson*, this Court determined that language similar to

"pursuant to this section" in a previous version of Section 66–8–102(G) did not clearly indicate legislative intent to count prior convictions from other states. *See Nelson*, 1996–NMCA–102, ¶ 18, 122 N.M. 468, 927 P.2d 23 (holding that the term "under this section" did not include out-of-state convictions). Even though Section 66–8–102 has been amended since *Nelson*, Defendant contends that the Legislature has never changed the language discussed in *Nelson* in any substantive way. In making this argument, Defendant also relies on an analysis contained in an unpublished federal court decision relating to the continued validity of *Nelson*. *See Manzanares v. Romero*, No. CIV–05–1105 JH/KBM, slip op. (D.N.M. Feb. 3, 2006).

{14} We reject Defendant's reliance on *Nelson*. Although we perceive little room for doubt concerning the Legislature's intent given the plain language of Section 66–8–102, the history of the statute makes clear that the Legislature intended to require out-of-state convictions to be counted as prior convictions. In *Nelson*, this Court examined a version of Section 66–8–102 that was enacted in 1993. *See Nelson*, 1996–NMCA–012, ¶ 1, 121 N.M. 301, 910 P.2d 935; 1993 N.M. Laws ch. 66, § 7. Similar to the present Subsection (G), the statute in effect at the time of *Nelson* provided that an offender was guilty of a fourth degree felony "[u]pon a fourth or subsequent conviction *under this section.*" *Nelson*, 1996–NMCA–012, ¶ 4, 121 N.M. 301, 910 P.2d 935 (internal quotation marks and citation omitted). At the time, Section 66–8–102 limited its definition of prior convictions that could be used for sentence enhancement to those under municipal or county ordinances. *See* 1993 N.M. Laws ch. 66, § 7. In the absence of a definition in Section 66–8–102 that included out-of-state convictions as prior convictions, the State argued in *Nelson* that a definition of a "subsequent offender" in another part of the Motor Vehicle Code could be used to support a legislative intent to count out-of-state convictions as prior convictions. *See* 1996–NMCA–012, ¶ 11, 121 N.M. 301, 910 P.2d 935. Under that definition, a "subsequent offender" included first offenders who were again adjudicated guilty of

DWI under municipal ordinance or state or federal law. *See id.*

{15} In *Nelson*, we rejected the State's argument. *Id.* We determined that the reference to "subsequent offender," which was not found in Section 66–8–102, was limited to license revocation proceedings. *Nelson*, 1996–NMCA–012, ¶ 14, 121 N.M. 301, 910 P.2d 935. Thus, we were not persuaded that the use of the term "subsequent offenders" in relation to administrative proceedings indicated a legislative intent that the criminal enhancement provisions of Section 66–8–102 should include out-of-state convictions. *Nelson*, 1996–NMCA–012, ¶ 14, 121 N.M. 301, 910 P.2d 935. In reaching this conclusion, we noted that "[i]t would have been a simple matter for the [L]egislature to change the language in Section 66–8–102(G) from 'under this section' to 'under any state law, federal law, or municipal ordinance' when it amended the statutes . . . , but it did not." *Id.* Because we were not certain that the Legislature intended that convictions in other jurisdictions be treated as an offense under Section 66–8–102, we determined that the plain meaning of "under this section" was limited to convictions under Section 66–8–102 and did not include out-of-state convictions. *Nelson*, 1996–NMCA–012, ¶¶ 14, 18, 121 N.M. 301, 910 P.2d 935. Accordingly, we held that the statute in effect at the time *Nelson* was decided only allowed valid prior DWI convictions obtained in New Mexico courts to be considered for purposes of criminal enhancement penalties. *Id.* ¶ 18.

{16} In light of subsequent statutory amendments, we conclude that a completely different legislative intent is clear today. Following our decision in *Nelson*, the Legislature amended Section 66–8–102 in an act titled in part, "Authorizing the Use of Convictions from Other Jurisdictions for Driving While Under the Influence of Intoxicating Liquor or Drugs as Prior Convictions." 1997 N.M. Laws ch. 43, § 1. That new version of the statute included Subsection (J), which provided that:

> [a] conviction under a municipal or county ordinance in New Mexico or a law of any other jurisdiction, territory or possession of the United States which is equivalent to New Mexico law for driving under the influence of intoxicating liquor or drugs, prescribing penalties for driving while under the influence of intoxicating liquor or drugs shall be deemed to be a conviction under this section for purposes of determining whether a conviction is a second or subsequent conviction.

*Id.* In 2002 the Legislature enumerated the 1997 Subsection (J) as (M), and changed "under this section" to "pursuant to this section." 2002 N.M. Laws ch. 82, § 1. In 2003 the Legislature further amended this subsection to include convictions pursuant to the jurisdiction of tribes. 2003 N.M. Laws ch. 164, § 10. Although the Legislature has subsequently amended the statute, the subsection defining prior convictions remains a part of Section 66–8–102, currently codified as Subsection (Q). *See* § 66–8–102(Q).

{17} Despite the addition of a subsection defining convictions from other jurisdictions as prior convictions, Defendant urges us to adopt the reasoning of a federal magistrate judge that found *Nelson* remained valid. *See Manzanares*, No. CIV–05–1105 JH/KBM at 10. Based on *Manzanares*, Defendant continues to argue that the Legislature's only change to the key language at issue in *Nelson* was to change the words "under this section" to "pursuant to this section" in reference to the Section 66–8–102(G) enhancement. Defendant contends that the statute still states, pursuant to our interpretation in *Nelson*, that only convictions obtained in New Mexico courts may be used as priors in determining the number of DWI convictions a defendant has under Section 66–8–102 for purposes of criminal punishment. Defendant argues that if the Legislature had intended to include convictions from other jurisdictions, it would have inserted that language into Subsection 66–8–102(G) when it amended the statute after *Nelson*. Because the Legislature did not make that change to Subsection (G), Defendant asserts that the Legislature took no action to add the language necessary to each of the criminal penalty enhancements now at Subsections (F)-(J) to make prior out-of-state convictions applicable to those sections. Thus, Defendant contends that the enhancement portion of

New Mexico's DWI statute does not apply to the felony enhancement aspect of the conviction but simply to administrative aspects of punishment. In Defendant's view, the federal court in *Manzanares* correctly found that *Nelson* has not been abrogated.

{18} Defendant has not provided us with the full pertinent record of the *Manzanares* case. The State indicates that there were proceedings that could cast doubt on the validity of the magistrate judge's recommended resolution in that case, including, among other things, the fact that the recommended resolutions and the court's acceptance of it was interlocutory, and the fact that the case was ultimately dismissed for lack of prosecution. We see no reliable basis on which to agree with or to give any weight to any analysis in *Manzanares*.

{19} Further, we cannot accept Defendant's construction of Section 66–8–102. Defendant would have us completely ignore the Legislature's decision after *Nelson* to add a subsection to our DWI statute defining prior convictions to include out-of-state DWI convictions. *See* 1997 N.M. Laws ch. 43, § 1; § 66–8–102(Q). Although the Legislature did not amend Subsection (G) in the manner discussed in *Nelson,* it clearly expressed its intention to broaden the definition of prior convictions starting with the title of the act it passed in 1997 ("Authorizing the Use of Convictions from Other Jurisdictions for Driving While Under the Influence of Intoxicating Liquor or Drugs as Prior Convictions"). *See Smith,* 2004–NMSC–032, ¶ 14, 136 N.M. 372, 98 P.3d 1022 (noting that a statute's title may be used to construe legislative intent). In addition, Subsection (Q) states that equivalent convictions in another jurisdiction, territory, or possession of the United States or of a tribe shall be considered "pursuant to this section." *See* § 66–8–102(Q). Reading Subsections (F)-(J) and (Q) together, the only logical conclusion is that the Legislature intended Subsection (Q) to apply to all the penalty provisions in Section 66–8–102. *See Smith,* 2004–NMSC–032, ¶ 10, 136 N.M. 372, 98 P.3d 1022 (stating that if several sections of a statute are involved, we will read them together so that all parts are given effect); *see also* 2A Norman J. Singer, *Statutes and Statutory Construction* § 46:05, at 165 (6th ed., rev.2000) ("[A] statutory subsection may not be considered in a vacuum, but must be considered in reference to the statute as a whole and in reference to statutes dealing with the same general subject matter[.]").

{20} We remain persuaded that by amending Section 66–8–102 to include what is now Subsection (Q), and by including the phrase "pursuant to this section" in both subsections, the Legislature clearly indicated its intent to include out-of-state convictions as prior convictions for enhancement purposes. Further, we reject Defendant's argument that *Nelson* remains valid because the Legislature and this Court have not explicitly overruled it. Contrary to Defendant's assertions, the Legislature clearly abrogated our holding in *Nelson* by expressly providing a subsection that defined out-of-state convictions as prior convictions under Section 66–8–102. *See* 1997 N.M. Laws ch. 43, § 1; § 66–8–102(Q). Thus, Defendant has been on notice since 1997 that his prior out-of-state DWI conviction would count for sentence enhancement in New Mexico.

{21} Finally, Defendant wrongly asserts that this Court and the Legislature "have spoken with [our] silent acquiescence in the logic of the *Nelson* holding." This Court has once cited *Nelson* for the rule that courts should apply the plain meaning of a statute when it is clear. *See State v. Rios,* 1999–NMCA–069, ¶ 21, 127 N.M. 334, 980 P.2d 1068. However, our appellate courts have not revisited the holding in *Nelson* at issue in this appeal since the Legislature amended the statute in 1997. "[C]ases are not authority for propositions not considered." *See Fernandez v. Farmers Ins. Co. of Ariz.,* 115 N.M. 622, 627, 857 P.2d 22, 27 (1993) (internal quotation marks and citation omitted). Now that this issue is squarely before us, we expressly recognize that *Nelson* has been superceded by statute. Based on the plain language and history of Section 66–8–102, a DWI conviction from another state must be used to determine the number of prior convictions for purposes of sentence enhancement under the statute.

## Defendant's Colorado Conviction for DWAI Is Equivalent to DWI in New Mexico

{22} Having concluded that a valid out-of-state conviction must be considered a prior conviction, we now address whether Defendant's Colorado conviction for DWAI is an equivalent offense to the New Mexico crime of DWI for the purpose of sentencing Defendant as a repeat offender pursuant to Section 66–8–102.

{23} Defendant argues that it was impermissible to use his Colorado conviction to enhance his crime to a felony because it does not satisfy the equivalency requirements of Section 66–8–102(Q). Relying on *Commonwealth v. Bolden*, 367 Pa.Super. 333, 532 A.2d 1172, 1175–76 (1987), Defendant argues that, in determining whether two statutes are equivalent, the fundamental inquiry is into the elements of the offense.

{24} For the purpose of this equivalency discussion, we note that the parties rely on the current version of Colorado's DWAI statute, Colo.Rev.Stat. § 42–4–1301 (2006). The only significant difference we see between the current version and Colorado's statute at the time of Defendant's Colorado DWAI, then codified at Colo.Rev.Stat. § 42–4–1202 (1993), *see* 1994 Colo. Legis. Serv. Sen. Bill No. 94.1, is that in Subsection (1.5)(a), the blood or breath alcohol content (BAC) limit was 0.10, whereas the comparable provision in Section 42–4–1301 is Subsection (2)(a), which set the BAC limit at 0.08. Because we do not believe this difference in the BAC limit is significant for the purpose of our equivalency analysis, we will compare Colo. Rev.Stat. § 42–4–1301 with New Mexico's Section 66–8–102 throughout this discussion.

{25} Turning to our statute, Section 66–8–102(Q) provides that a conviction pursuant to a law of another state shall be deemed a conviction pursuant to Section 66–8–102 for purposes of determining whether a conviction is a second or subsequent offense when that law is equivalent to New Mexico law and prescribes penalties for DWI. § 66–8–102(Q). Our statute does not further define equivalency. However, we agree with Defendant that the focus of our inquiry in determining whether two statutes are equivalent should be on the elements of the statutes. *See Bolden*, 532 A.2d at 1175–76. With that in mind, we compare the Colorado and New Mexico statutes.

{26} In Colorado, it is a misdemeanor to drive a vehicle while under the influence of alcohol or drugs or while impaired by alcohol or drugs. Colo.Rev.Stat. § 42–4–1301(1)(a), (b). Colorado law defines "[d]riving under the influence" (DUI) as consuming sufficient alcohol or drugs to affect the person to a degree that the person "is substantially incapable, either mentally or physically, or both mentally and physically, to exercise clear judgment, sufficient physical control, or due care in the safe operation of a vehicle." Colo.Rev.Stat. § 42–4–1301(1)(f). The offense of DWAI is defined as consuming sufficient alcohol or drugs that affect the person "to the slightest degree so that the person is less able than the person ordinarily would have been, either mentally or physically, or both mentally and physically, to exercise clear judgment, sufficient physical control, or due care in the safe operation of a vehicle." Colo.Rev.Stat. § 42–4–1301(1)(g). DWAI is a lesser included offense of DUI. *Thompson v. People*, 181 Colo. 194, 510 P.2d 311, 313 (1973). Colorado also makes it a misdemeanor to drive a vehicle when a person's BAC is 0.08 or more. *See* Colo. Rev. § 42–4–1301(2)(a).

{27} In New Mexico, driving under the influence of intoxicating liquor is prohibited in two ways. A person can commit a "per se" violation of the DWI statute by driving a vehicle while having a BAC of 0.08 or more. § 66–8–102(C)(1). In the alternative, "[i]t is unlawful for a person who is under the influence of intoxicating liquor to drive a vehicle within this state." § 66–8–102(A). A person is "under the influence" of intoxicating liquor if the person "was less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to the person and the public." UJI 14–4501 NMRA; *see State v. Neal*, 2008–NMCERT–001, ¶¶ 21, 25–26, 143 N.M. 397, 176 P.3d 1129 (2008), *cert. den.*, 2008–NMCERT–001, 143 N.M. 397, 176 P.3d 1129 (2008).

{28} Focusing on the elements, the statutes are equivalent. The offense of driving under the influence, Section 66–8–102(A), addressed by our case law and jury instructions, is almost identical to the offense of DWAI in Colorado. *See* Colo.Rev.Stat. § 42–4–1301(1)(b), (g). Both statutes prohibit driving a vehicle while impaired to the slightest degree.

{29} The statutes are also equivalent under the test for equivalency described in *Bolden.* According to *Bolden,* an offense is equivalent if its elements are substantially identical in nature and definition when compared to each other. *See* 532 A.2d at 1175–76 (stating that a sentencing court must "carefully review the elements of the foreign offense in terms of the classification of the conduct proscribed, its definition of the offense, and the requirements of culpability"). When we compare the offense of DWAI in Colorado to DWI in New Mexico, we are persuaded that Defendant's prior conviction for DWAI in Colorado is substantially identical in nature and definition to his DWI convictions in New Mexico. With respect to impairment, both statutes proscribe the same conduct, define the offense in the same way, and require the same culpability. Further, as is required by Section 66–8–102(Q), the Colorado statute prescribes penalties for DWAI. *See* Colo.Rev.Stat. § 42–4–1301(7)(b). Because the Colorado DWAI offense is equivalent, and prescribes penalties, we conclude that it meets the requirements of a prior conviction under Section 66–8–102(Q).

{30} Disregarding the similarity between the two statutes, Defendant argues that the Colorado DWAI statute is not equivalent to New Mexico's DWI statute because the Colorado statute contains presumptions that the New Mexico statute does not. Defendant asserts that the presumptions that exist under Colorado law constitute a different element not present in the New Mexico offense. We therefore examine those presumptions.

{31} In addition to defining DWAI as prohibiting impairment to the slightest degree, the Colorado statute in effect at the time Defendant committed his offense provided that the amount of alcohol in a defendant's blood or breath "shall give rise" to certain presumptions. *See* Colo.Rev.Stat. § 42–4–1202(2). The statute provided that a BAC in excess of 0.05 but less than 0.10 "shall give rise to the presumption that the defendant's ability to operate a vehicle was impaired." Colo.Rev.Stat. § 42–4–1202(2)(b). The statute further provided in the same subsection that these presumptions "shall not be construed as limiting the introduction, reception, or consideration of any other competent evidence bearing upon the question of whether or not the defendant was under the influence of alcohol or whether or not his ability to operate a vehicle was impaired by the consumption of alcohol." Colo.Rev.Stat. § 42–4–1202(2)(d).

{32} In *Barnes v. People,* 735 P.2d 869, 872–73 (Colo.1987) (en banc), the Colorado Supreme Court construed the presumptions in the Colorado DUI statute as creating permissive inferences, despite the use of the phrase "shall be presumed." The Colorado statute was at some point amended to provide that a BAC in excess of 0.05 but less than 0.08 gives rise to a "permissible inference" of impairment. Colo.Rev.Stat. § 42–4–1301(6)(a)(II). The statute also provides that the inferences concerning a defendant's BAC shall not be construed as limiting the consideration of other evidence, and that evidence of a defendant's BAC is not conclusive evidence of impairment. *See* Colo.Rev.Stat. § 42–4–1301(6)(b). Thus, a factfinder is not required to look solely to a defendant's BAC to find a defendant guilty of DWAI.

{33} Similarly, Section 66–8–102(A) proscribes driving "under the influence." Blood or breath alcohol is not an element of the crime. As in Colorado, per se DWI is a separate crime. *See* Colo.Rev.Stat. § 42–4–1301(2)(a); § 66–8–102(C)(1). Thus, evidence of blood or breath alcohol is not necessary in proving DWAI in Colorado, nor is it necessary to prove DWI in New Mexico under Section 66–8–102(A). Under New Mexico law, a BAC of 0.05 but less than 0.08 does not give rise to a presumption that a person was or was not under the influence of intoxicating liquor. NMSA 1978, § 66–8–110(B)(2)(a) (2003) (amended 2007). However, "the amount of alcohol in the persons's blood or breath may be considered with oth-

er competent evidence in determining whether the person was under the influence of intoxicating liquor[.]" § 66–8–110(B)(2)(b); § 66–8–110(A) (providing that the results of blood or breath alcohol tests may be introduced into evidence). Thus, in both states, a BAC of more than 0.05 and less than 0.08 may be used as evidence of being under the influence of intoxicating liquor. Accordingly, a defendant's BAC is an evidentiary means of proving impairment, but it is not necessarily an element of the crime.

{34} Under these circumstances, we disagree with Defendant's contention that the existence of presumptions in the Colorado statute at the time of Defendant's DWAI requires us to find that the statutes are not equivalent. Contrary to Defendant's assertion, DWAI is not a per se crime based on an alcohol percentage in a defendant's blood or breath. It is instead a crime defined by the element of impairment.

{35} We note that other courts comparing DWAI statutes with DWI statutes have focused on the degree of impairment in determining whether statutes are equivalent. In *People v. Crane*, 142 Cal.App.4th 425, 48 Cal.Rptr.3d 334, 338 (Ct.App.2006), for example, a California appellate court determined that Colorado's DWAI statute could not be used for sentence enhancement. *See id.* The court in *Crane* specifically recognized that California did not apply the slightest degree standard, but required impairment to an appreciable degree. *Id.* Thus, the elements of the offenses were different.

{36} For similar reasons, the Montana Supreme Court reached the same conclusion in *State v. McNally*, 2002 MT 160, ¶¶ 21–23, 310 Mont. 396, ¶¶ 21–23, 50 P.3d 1080, ¶¶ 21–23. In *McNally*, the court acknowledged that a person cannot be convicted for driving while under the influence in Montana if the person's ability is impaired to the slightest degree. *See id.* ¶ 22. Because Colorado's DWAI law allows a person to be convicted under a lower standard than that required under Montana's DUI statute, the court held that a defendant's prior convictions in Colorado did not constitute convictions for a violation of a similar statute in Montana. *Id.* ¶ 23; *accord Commonwealth v. Shaw*, 560

Pa. 296, 744 A.2d 739, 744–45 (2000) (holding that the New York offense of DWAI, which required impairment to any degree, does not constitute an equivalent offense to the Pennsylvania offense of DUI for purposes of sentence enhancement because Pennsylvania requires substantial impairment).

{37} In contrast to California, Montana, and Pennsylvania, the New Mexico Legislature has defined driving under the influence more broadly. In other states that also define driving under the influence more broadly, courts have found that DWAI statutes can be used as prior convictions for sentencing repeat offenders. *See, e.g., McAdam v. State*, 648 So.2d 1244, 1245 (Fla.Dist.Ct.App. 1995) (holding that a Colorado conviction for DWAI was a similar alcohol-related offense to Florida's, even if it is based on a BAC greater than 0.05 and less than 0.10); *Marciniak v. State*, 112 Nev. 242, 911 P.2d 1197, 1198 (1996) (per curiam) (holding that the Michigan offense of driving while visibly impaired is the same or similar conduct as DUI in Nevada); *State v. Parisi*, 135 N.C.App. 222, 519 S.E.2d 531, 534 (1999) (holding that the New York offense of DWAI was substantially equivalent to North Carolina's offense of driving while under the influence of an impairing substance because both statutes required a defendant to be impaired to the extent that the driver's ability to operate a vehicle is diminished even though the definitions of impairment were not identical and the statutes did not mirror one another); *State v. Ducheneaux*, 2007 SD 78, ¶ 4, 738 N.W.2d 54, 54 (holding that the elements of Colorado's DWAI statute and South Dakota's DUI statute were substantially similar because both required impairment to the slightest degree); *cf. United States v. Walling*, 974 F.2d 140, 142 (10th Cir.1992) (holding that a Colorado DWAI conviction is clearly a similar offense to DWI or DUI for the purpose of the federal sentencing guidelines). In reaching this conclusion, some courts have expressly recognized that different levels of and the existence of evidentiary presumptions were not reasons for determining that the DWAI statutes were not equivalent. *See, e.g., McAdam*, 648 So.2d at 1245; *Ducheneaux*, 2007 S.D. 78, ¶ 5, 738 N.W.2d 54.

Nor did it matter that DWAI is a lesser included offense of DUI in Colorado. *See Ducheneaux*, 2007 S.D. 78, ¶ 5, 738 N.W.2d 54. Because the elements were substantially similar, the DWAI conviction could be considered a prior offense. *Id.* ¶ 4.

{38} Defendant asserts that we should not rely on cases that have upheld the use of various DWAI offenses as prior convictions, and argues that the courts in these states either did not engage in an equivalency analysis or used a lesser standard of "substantially similar" or "substantially equivalent." To the extent that Defendant argues that a DWAI statute must be identical to a DWI statute to be equivalent, we disagree. As the cases we have cited indicate, the critical factor for a court to determine is whether the elements are equivalent. In particular, the focus must be on the degree of impairment prohibited by the statute. *See Parisi*, 519 S.E.2d at 534.

{39} Defendant, in effect, asserts that the test for equivalency must be even broader than an inquiry into the elements. Defendant argues that an equivalency test must take into consideration whether the conduct for which Defendant was convicted in another state would be prohibited under our law. Pointing once again to the permissible inferences allowed under Colorado law, Defendant contends that a defendant in Colorado can be convicted based on a presumption arising at a BAC of 0.051, while a defendant in New Mexico is not subject to the same presumption. Thus, in Defendant's view, because the Colorado statute punishes conduct that would not necessarily be a crime in New Mexico, the potential exists for enhancement based on facts that could result in an acquittal in New Mexico.

{40} For several reasons, we are not persuaded by Defendant's argument. First, we note that our statute only requires that a statute from another jurisdiction be equivalent and prescribe penalties. *See* § 66–8–102(Q). For the proposition that an equivalency test must take into consideration whether the conduct for which a defendant was convicted would be prohibited in New Mexico, Defendant again relies on *Crane*, 48 Cal.Rptr.3d at 338–39. In California, however-

er, certain statutes expressly provide that an out-of-state conviction can be used for enhancement only if the crime would have been a violation of the California DUI law if the crime had been committed in California. *Id.* at 336–37. Our Legislature did not impose the same test by requiring that conduct in another jurisdiction violate Section 66–8–102 or that the laws be identical. Instead, Subsection (Q) requires the use of an out-of-state conviction if the other state's law is equivalent to New Mexico law. We agree with the State that by allowing for enhancement based on equivalent out-of-state convictions, the Legislature intended to include a broader range of foreign offenses as prior offenses.

{41} Moreover, Defendant has given us no reason to doubt whether his DWAI conviction from Colorado would be a crime under New Mexico law if committed in New Mexico. While Defendant argues that he could have been convicted in Colorado on facts that would not result in a conviction under New Mexico law, such as having a 0.051 BAC, we find this suggestion completely speculative. Defendant does not challenge his actual conviction in Colorado on grounds that it was based on a certain BAC without other evidence of impairment. Defendant does not argue that he would not have been convicted in New Mexico for the same conduct for which he was convicted in Colorado. Nothing in the record indicates otherwise. While Colorado may have different evidentiary standards with respect to whether a person is impaired, the elements are the same, which if proven in New Mexico would justify a conviction for the offense of DWI.

{42} In reaching this conclusion, we recognize that Defendant believes the burden should be on the State to ensure that the conduct underlying his Colorado conviction would meet all the elements of the New Mexico offense. To support this argument, Defendant quotes the following from *Crane:*

> If the statutory definition of the crime in the foreign jurisdiction contains all of the necessary elements to meet the California definition, the inquiry ends. If the statutory definition of the crime in the foreign jurisdiction does not contain the necessary elements of the California offense, the

court may consider evidence found within the record of the foreign conviction in determining whether the underlying conduct would have constituted a qualifying offense if committed in California, so long as the use of such evidence is not precluded by rules of evidence or other statutory limitation. Where the record presented at trial does not competently disclose the facts of the offense actually committed, the court will presume that the prior conviction was for the least offense punishable under the foreign law.

48 Cal.Rptr.3d at 339 (citation omitted). In relying on this passage from *Crane,* Defendant overlooks the fact that the appellate court in *Crane* found that the Colorado DWAI statute punished the slightest degree of impairment, while the California statute required impairment to an appreciable degree. *Id.* at 338. In contrast, we have concluded that the elements of the Colorado DWAI statute are the same as Section 66–8–102(A) in that both require impairment to the slightest degree. We therefore have no reason to look beyond the fact of the conviction. *See Crane,* 48 Cal.Rptr.3d at 339 (stating that if the statutory definitions of the crime in the other jurisdiction contain all of the necessary elements, then the inquiry ends).

{43} Both statutes at issue here require impairment to the slightest degree. Thus, the Colorado offense of DWAI is equivalent to the New Mexico offense of DWI under Section 66–8–102(A). We therefore hold that the district court properly enhanced Defendant's DWI conviction based in part on a prior Colorado conviction.

CONCLUSION

{44} We affirm Defendant's conviction for felony DWI based on his fourth offense.

{45} **IT IS SO ORDERED.**

WE CONCUR: MICHAEL D. BUSTAMANTE and IRA ROBINSON, Judges.