**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          NO.   27,911

**LESTER ARTHUR,**

Defendant-Appellant,

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

M. Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellee

Law Offices of Nancy L. Simmons, P.C.
Nancy L. Simmons
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Defendant appeals his judgment and sentence for driving while under the influence of intoxicating liquor or drugs (DWI).  Defendant challenges the district court's use of a prior Colorado conviction for driving while ability impaired (DWAI)

in determining that his present conviction for DWI is his fifth offense within the meaning of NMSA 1978, Section 66-8-102(H) (2007) (amended 2008). We affirm.

**BACKGROUND**

Defendant was convicted of DWI under Section 66-8-102(A) pursuant to a guilty plea. Following acceptance of his plea, Defendant moved to strike a prior Colorado DWAI conviction from use at sentencing. Defendant argued that a conviction under Colorado's DWAI statute was not equivalent to Section 66-8-102 for purposes of determining prior offenses at sentencing. Defendant also argued that the Colorado conviction could not be used at sentencing because he had pled guilty to the offense without counsel or waiving counsel and had subsequently been incarcerated for violating probation imposed for the DWAI. The district court denied the motion and found that Defendant had four prior convictions for DWI, including the Colorado conviction. Accordingly, the district court sentenced Defendant to two years incarceration. *See* § 66-8-102(H) (providing that "[u]pon a fifth conviction pursuant to this section, an offender is guilty of a fourth degree felony and . . . shall be sentenced to a term of imprisonment of two years, one year of which shall not be suspended, deferred or taken under advisement").

**DISCUSSION**

Defendant raises two issues on appeal: (1) whether his Colorado DWAI conviction is equivalent to a DWI conviction for purposes of Section 66-8-102(Q), and thus eligible to enhance his penalty; and (2) whether use of the uncounseled Colorado DWAI conviction to enhance his penalty violates due process under *Mathews v. Eldridge*, 424 U.S. 319 (1976). We address each argument in turn.

"The interpretation of a statute is a question of law we review de novo." *State v. Lewis*, 2008-NMCA-070, ¶ 6, 144 N.M. 156, 184 P.3d 1050, *cert. denied*, 2008-NMCERT-004, 144 N.M. 47, 183 P.3d 932. Section 66-8-102(Q) mandates that a conviction pursuant to the law of another state be deemed a conviction under Section 66-8-102 "for purposes of determining whether a [DWI] conviction is a second or subsequent offense when that law is equivalent to New Mexico law [for DWI] and prescribes penalties." *Lewis*, 2008-NMCA-070, ¶ 25. Whether the law of another jurisdiction is an equivalent offense to DWI in New Mexico is determined by examining the elements of the statutes. *See id.*

In *Lewis*, we determined that a Colorado conviction for DWAI pursuant to Colo. Rev. Stat. § 42-4-1301 (2006) (amended 2007 and 2008) is an equivalent offense to the crime of DWI in New Mexico. *See Lewis*, 2008-NMCA-070, ¶ 28. This Court noted that "[t]he offense of driving under the influence, Section 66-8-

3

102(A), addressed by our case law and jury instructions, is almost identical to the offense of DWAI in Colorado. Both statutes prohibit driving a vehicle while impaired to the slightest degree." *Lewis*, 2008-NMCA-070, ¶ 28 (citation omitted); *see also* Colo. Rev. Stat. § 42-4-1301(1)(g) (defining the offense of DWAI as consuming sufficient alcohol or drugs that affect the person "to the slightest degree so that the person is less able than the person ordinarily would have been, either mentally or physically, or both mentally and physically, to exercise clear judgment, sufficient physical control, or due care in the safe operation of a vehicle"); UJI 14-4501 NMRA (defining "under the influence" as "less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to the person and the public" as a result of drinking liquor). Accordingly, we held that a Colorado conviction for DWAI is properly used to determine the number of a defendant's prior convictions under Section 66-8-102(Q). *See Lewis*, 2008-NMCA-070, ¶ 29. Here, Defendant was convicted of DWAI in Colorado pursuant to Colo. Stat. Rev. § 42-4-1301(1)(b). The statutes at issue in this case are the same as those we considered in *Lewis*.

Defendant argues, however, that his Colorado DWAI conviction is not an equivalent offense under Section 66-8-102(Q) because the Colorado conviction was based on evidence that would not have been sufficient to sustain a conviction in New

Mexico for DWI. Specifically, Defendant asserts that the Colorado conviction was based solely on his breath-alcohol content (BAC) of .07 while driving, which would be insufficient to convict him of either DWI per se or to find that he was driving while impaired in New Mexico. *See* §66-8-102(C)(1) (stating that "[i]t is unlawful for . . . a person to drive a vehicle in this state if the person has an alcohol concentration of eight one hundredths or more in the person's blood or breath within three hours of driving the vehicle."); NMSA 1978, § 66-8-110(B)(2) (2007) (stating that a BAC between .04 and .08 does not create a presumption that a person was or was not under the influence but can be considered with other competent evidence to establish impairment). Defendant argues that, because he could be considered impaired in Colorado based solely on his BAC of .07, but not in New Mexico, then the statutes are not equivalent because one proscribes conduct that the other does not. We disagree. We first note that we are unable to determine from the record whether Defendant's Colorado conviction was in fact based solely on his BAC of .07. While the documents Defendant presented to the district court indicate that his DWAI conviction was in part based on his BAC of .07, there is no indication that this was the entirety of evidence in support of his conviction. Additionally, in determining whether the law of another state is an equivalent offense to Section 66-8-102, it is immaterial whether the conduct underlying the out-of-state conviction would be

prohibited in New Mexico. *See Lewis*, 2008-NMCA-070, ¶¶ 39-40. As we said in *Lewis*, our Legislature, in enacting Section 66-8-102(Q), did not restrict use of out-of-state convictions to situations in which the crime would have violated New Mexico DWI law if committed here. *See Lewis*, 2008-NMCA-070, ¶ 40. Rather, Section 66-8-102(Q) mandates that the out-of-state conviction be used if the other jurisdiction's law is equivalent to New Mexico law. *Lewis*, 2008-NMCA-070, ¶ 40. Having determined that Colorado's law is equivalent, we do not look beyond the fact of the conviction. *See id.* ¶ 42. For these reasons, we reject Defendant's argument that his Colorado DWAI conviction is not equivalent to a conviction under Section 66-8-102. We therefore hold that the district court properly included the Colorado DWAI conviction in determining the number of Defendant's prior convictions under Section 66-8-102.

Defendant also argues on appeal that, under the balancing test established in *Mathews*, use of his uncounseled Colorado DWAI conviction to enhance his sentence violates due process. *See State v. Woodruff*, 1997-NMSC-061, ¶¶ 7-8, 124 N.M. 388, 951 P.2d 605 (applying the *Mathews* balancing test to determine whether use of a prior uncounseled misdemeanor conviction to enhance a DWI conviction violates due process). However, Defendant did not make this argument in district court. Rather, Defendant argued in district court that his prior uncounseled misdemeanor DWAI

conviction could not be considered a prior conviction under Section 66-8-102(Q) because he eventually served jail time for a probation violation associated with the conviction. *See Nichols v. United States,* 511 U.S. 738, 749 (1994) (holding that uncounseled misdemeanor convictions in which no term of imprisonment is imposed can be used to enhance punishment on a subsequent conviction). The argument Defendant made below did not invoke a ruling from the district court on the theory advanced here. The issue raised on appeal was neither argued nor briefed for review by the district court. Therefore, the issue is not preserved for appellate review and will not be considered on appeal. *See State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280 (stating that in order to preserve an issue for appeal, the defendant must make a timely objection that specifically apprises the district court of the nature of the claimed error and invokes an intelligent ruling thereon). Additionally, Defendant has not briefed on appeal the issue he did raise in district court and that issue is deemed abandoned. *See State v. Aragon*, 109 N.M. 632, 634, 788 P.2d 932, 934 (Ct. App. 1990) (holding that issues not addressed in an appellant's brief will be deemed abandoned).

**CONCLUSION**

For these reasons, we affirm Defendant's conviction for DWI based on his fifth offense.

**IT IS SO ORDERED.**

_____
MICHAEL D. BUSTAMANTE, Judge

WE CONCUR:


_____
JONATHAN B. SUTIN, Judge


_____
LINDA M. VANZI, Judge