[No. B112575. Second Dist., Div. Seven. Mar. 23, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL ENCINAS, Defendant and Appellant.

COUNSEL

Horace N. Freedman, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Sanjay T. Kumar and Beverly K. Falk, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**WOODS, J.**—Dispositive of this appeal is our conclusion the district attorney failed to prove appellant's alleged prior conviction of assault on a peace

officer (Pen. Code § 245, subd. (c); statutory references are to the Penal Code) was committed with a deadly weapon or instrument (rather than by means likely to produce great bodily injury) thus constituting a "serious felony" (§ 1192.7, subd. (c), cl. (11)) and satisfying the requirements of both section 667, subdivisions (b)-(i) (the three strikes statute) and section 667, subdivision (a)(1) (the five-year enhancement statute). Accordingly, we reverse the trial court's true findings concerning these allegations.

## PROCEDURAL BACKGROUND

An information charged appellant with felony assault (§ 245, subd. (a)(1)) and alleged he had a felony conviction of assault on a peace officer (§ 245, subd. (c)) which qualified as a "strike" (§ 667, subds. (b)-(i)) and five-year "serious felony" (§ 667, subd. (a)(1)). Appellant pleaded not guilty and denied the allegations.

Trial was by jury and appellant was found guilty. He moved to dismiss the allegations and the trial court denied the motion. In a court trial, the allegations were found true. Appellant was sentenced to state prison for thirteen years (fours years, doubled, plus five years).

## DISCUSSION

■ Section 245, subdivision (c)—assault on a peace officer—may be committed in two ways. By using a deadly weapon or instrument or, without a deadly weapon or instrument, by any means likely to produce great bodily injury.

If committed *with a deadly weapon or instrument* the crime is a "serious felony" (§ 1192.7, subd. (c), cl. (11)) within the meaning of both section 667, subdivisions (b)-(i) (the three strikes statute) and section 667, subdivision (a)(1) (the five-year enhancement statute). If committed *without* a deadly weapon or instrument and only by means likely to produce great bodily injury the crime is *not* a "serious felony." (§ 1192.7, subd. (c), cl. (11).)

In the words of our Supreme Court, ". . . defendant at the outset mounted the most complete challenge possible to the . . . allegation[s]: He demanded a trial." (*People* v. *Rodriguez* (1998) 17 Cal.4th 253, 262 [70 Cal.Rptr.2d 334, 949 P.2d 31].)

At trial, the district attorney called one witness to prove identity and introduced one exhibit (People's exhibit No. 4), a state prison packet. The

exhibit included an abstract of judgment showing appellant had been convicted of "PC 245(c) Assault [on] Officer" June 30, 1993. No proof was offered concerning how appellant had committed the section 245, subdivision (c) offense.

In such circumstances we must "presume that the prior conviction was for the least offense punishable under the . . . law." (*People* v. *Rodriguez, supra,* 17 Cal.4th at p. 262.) Since the conviction could have been for an assault *without* a deadly weapon or instrument, the evidence is insufficient to sustain the trial court's true findings.

We reject the Attorney General's argument that the trial court, in considering appellant's earlier *motion* to dismiss the allegations, may have learned facts establishing how the subject assault was committed. Even if true, that did not relieve the district attorney of his burden to prove *at trial* the truth of the allegations. He failed to do so.

Since we reverse this part of the judgment and remand the matter to the trial court (see *People* v. *Monge* (1997) 16 Cal.4th 826, 845 [66 Cal.Rptr.2d 853, 941 P.2d 1121]) we need not address the claimed custody credits error.

### DISPOSITION

The guilty verdict is affirmed. The true findings concerning the section 667, subdivisions (b)-(i) and section 667, subdivision (a)(1) allegations are reversed. The matter is remanded to the trial court for further proceedings consistent with this opinion.

Johnson, Acting P. J., and Neal, J., concurred.

A petition for a rehearing was denied April 10, 1998, and respondent's petition for review by the Supreme Court was denied July 8, 1998.