Filed 1/20/23

CERTIFIED FOR PUBLICATION


COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D080016 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. INF1670055) |
| RICHARD BRIAN MORGAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Riverside County, Randall S. Stamen, Judge. Vacated in part, affirmed in part, and remanded.

Paul Stubb, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson and Felicity Senoski, Deputy Attorneys General, for Plaintiff and Respondent.

Under Vehicle Code section 23550.5, subdivision (b), a conviction for driving under the influence (DUI) in violation of Vehicle Code section 23152 is elevated from a misdemeanor to a felony if the defendant was previously convicted of violating specified provisions of the Penal Code, including Penal

Code section 191.5, subdivision (a)—gross vehicular manslaughter while intoxicated. In 1981, defendant Richard Brian Morgan was convicted of vehicular manslaughter caused by unlawful exhibition of speed (former Pen. Code, § 192, subd. 3(a); Veh. Code, § 23109) and DUI (former Veh. Code, § 23101, subd. (a)), neither of which is listed as a qualifying prior for elevating a DUI to a felony under Vehicle Code section 23550.5, subdivision (b). The sole question presented in this appeal is whether Morgan's nonqualifying 1981 convictions may be treated together as if they were a qualifying prior conviction for violating Penal Code section 191.5, subdivision (a), even though the latter statute was not enacted until five years later. After deciding that they could be, the trial court sentenced Morgan's current DUI convictions as felonies.

We conclude that the trial court erred by treating Morgan as if he had previously been convicted of violating a Penal Code provision that was not yet in existence at the time of his 1981 convictions. The plain language of Vehicle Code section 23550.5, subdivision (b), applies only to prior convictions for violating the specified provisions of the Penal Code. Morgan was never previously convicted of violating any of these specified Penal Code sections. Without legislative authorization, we cannot expand the statute by judicial fiat to authorize courts to cobble together the elements of older California convictions and treat them as if they were a violation of a Penal Code provision that was not enacted until years later. If the Legislature wishes to amend the statute to reach older convictions in this fashion, it is free to do so, but that is not our prerogative. Accordingly, we vacate Morgan's sentence and remand the matter for resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

A. *Current Offenses*

In October 2015, a California Highway Patrol officer was on routine patrol in Thousand Palms in Riverside County when he observed Morgan driving a motorcycle that appeared to have unlawfully raised handlebars. The officer initiated a traffic enforcement stop. Morgan drove into the gated mobile home community where he resides and then stopped on the right shoulder of the road 20 or 30 yards inside the gate.

After the officer approached Morgan, the officer stated that it was obvious Morgan had been drinking, and Morgan responded that he was a block from his house. When the officer specifically inquired how much Morgan had been drinking, Morgan denied drinking. The officer informed Morgan that his speech was slurred and that he could smell alcohol on Morgan's breath, and Morgan apologized.

The officer then conducted a series of field sobriety tests, during which he observed additional signs of intoxication. He testified at trial that Morgan could not maintain his balance, follow directions, or multitask. Throughout his interactions with Morgan, the officer noticed Morgan had red, watery eyes, his speech was slurred, he had an unsteady gait, and his breath smelled of alcohol. The officer arrested Morgan on suspicion of DUI. At the police station, Morgan was given two breathalyzer tests, both of which indicated his blood alcohol concentration (BAC) was 0.25 percent, over three times the legal limit.

The Riverside County District Attorney ultimately charged Morgan with three counts: (1) DUI after having previously been convicted of gross vehicular manslaughter while intoxicated (Veh. Code, §§ 23152, subd. (a), 23550.5, subd. (b); Pen. Code, § 191.5, subd. (a)); (2) driving with a BAC of

0.08 percent or more after having previously been convicted of gross vehicular manslaughter while intoxicated (Veh. Code, §§ 23152, subd. (b), 23550.5, subd. (b); Pen. Code, § 191.5, subd. (a)); and (3) unlawful possession of a slungshot (Pen. Code, § 22210). Although DUI in violation of Vehicle Code section 23152 is usually charged as a misdemeanor, the People charged Morgan with a felony based on his 1981 prior convictions for vehicular manslaughter (former Pen. Code, § 192, subd. 3(a)) and DUI (former Veh. Code, § 23101, subd. (a)).[1]

The People further alleged that with respect to counts one and two, Morgan had a BAC of 0.15 percent or more within the meaning of Vehicle Code section 23578, that Morgan had suffered three prior "strike" convictions within the meaning of Penal Code sections 667 and 1170.12, and that Morgan was ineligible for probation pursuant to Penal Code section 667, subdivisions (c)(2) and (e)(2)(C).

B. *Prior Convictions and Motion to Strike*

In 1981, a jury convicted Morgan of three counts of vehicular manslaughter under former Penal Code section 192, subdivision 3(a), after it found that three deaths were proximately caused by his unlawful exhibition

---

[1]     Morgan's 1981 conviction for vehicular manslaughter is referred to in the record as a violation of Penal Code section 192.3, subdivision (a). There was no such provision in 1981, but courts in that era appear to have used this designation to refer to vehicular manslaughter in violation of former Penal Code section 192, subdivision 3(a). (See, e.g., *People v. Escarcega* (1969) 273 Cal.App.2d 853, 857 & fn. 2.) Accordingly, we refer to it as former Penal Code section 192, subdivision 3(a), which in 1981 defined the crime of manslaughter to include the unlawful killing of a human being in the driving of a vehicle, and in the commission of an unlawful act not amounting to a felony, with gross negligence, or in the commission of a lawful act which might produce death, in an unlawful manner, and with gross negligence. (Deering's Penal Code (1981) former Pen. Code, § 192, subd. 3(a).)

of speed in violation of Vehicle Code section 23109. The jury also convicted Morgan of DUI in violation of former Vehicle Code section 23101, subdivision (a).[2] Morgan was committed to state prison for two years for these offenses.

Morgan filed a pretrial motion to strike the prior conviction allegations in the instant case, arguing among other points that Vehicle Code section 23550.5, subdivision (b), did not apply to his 1981 vehicular manslaughter conviction under former Penal Code section 192, subdivision 3(a), and therefore could not be used to elevate his current Vehicle Code section 23152 charges to felonies. The People opposed, arguing that it would be inappropriate for the court to dismiss Morgan's prior strike convictions. At the hearing on the motion to strike, defense counsel argued that Morgan had been separately charged with DUI and vehicular manslaughter while speeding in the 1981 case, not vehicular manslaughter while intoxicated as argued by the prosecution. The defense contended that because exhibition of speed, and not DUI, was the finding underlying the vehicular manslaughter convictions under former Penal Code section 192, the 1981 prior convictions did not qualify to elevate the current misdemeanor charges to felonies.

The trial court rejected Morgan's argument and found that the 1981 convictions, in combination, could serve as a sentence-enhancing offense under Vehicle Code section 23550.5, subdivision (b), to elevate the current DUI charges from misdemeanors to felonies. Specifically, the court stated: "[I]n terms of the actual Court's ruling whether or not the three violations of [former Penal Code section] 192[, subdivision 3(a)] can be used as the predicate under [Vehicle Code section] 23550.5, subdivision (b), for which

---

2    Morgan was also convicted of a misdemeanor violation of Vehicle Code section 23152, subdivision (b), for DUI in 2012. That prior conviction is not at issue on appeal.

there is no washout period[,] and which would elevate any current DUI to a felony, the Court's ruling is it can[.]"

C. *Current Conviction and Sentencing*

Morgan went to trial on the current offenses the following year. A jury convicted him of the Vehicle Code section 23152 offenses charged in counts one and two and found true the allegation that he had a BAC of 0.15 percent or more when he committed the offenses. The jury acquitted Morgan on count three.

At a bifurcated proceeding before a different judge than the one who had presided over Morgan's pretrial motion to strike the prior conviction allegations, Morgan admitted the 2012 prior conviction and admitted that in 1981, he was convicted of three counts of violating former Penal Code section 192, subdivision 3(a), and one count of violating former Vehicle Code section 23101, subdivision (a). In his sentencing memorandum submitted to the court prior to the hearing, Morgan again argued that Vehicle Code section 23550.5 is not applicable to this case based on the plain language of the statute, as it does not reference former Penal Code section 192, subdivision 3(a), the statute under which he was convicted in 1981. Morgan argued that Vehicle Code section 23550.5, subdivision (b), applies to prior convictions for violating Penal Code section 191.5, but Morgan was not convicted of violating Penal Code section 191.5. He further argued that former Penal Code section 192, subdivision 3(a), is not equivalent to current Penal Code section 191.5. According to Morgan, therefore, his prior conviction could not be used to elevate his misdemeanor to a felony under Vehicle Code section 23550.5, subdivision (b).

The sentencing court stated that it "would not act as a court of appeal as to [the prior judge's pretrial] ruling," and that "the issue ha[d] been fully

6

litigated" in the pretrial proceedings.  The court sentenced Morgan to felony violations under Vehicle Code section 23550.5, subdivision (b), imposing and staying the middle term of two years in state prison on count one and imposing the upper term of three years in state prison on count two, which it found to be the principal count.

Morgan timely filed this appeal.

DISCUSSION

A.  *Standard of Review*

The interpretation of a statute is a pure question of law.  (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432.)  The soundness of the trial court's resolution of that question is an issue we review de novo. (*Ibid*.)

Our role in "construing a statute is to 'ascertain the intent of the Legislature so as to effectuate the purpose of the law.' [Citations.]  In determining the Legislature's intent, a court looks first to the words of the statute." (*People v. Snook* (1997) 16 Cal.4th 1210, 1215.)  If we find "no ambiguity in the language, we presume the Legislature meant what it said[,] and the plain meaning of the statute governs." (*Ibid*.; see also *People v. Doyle* (2013) 220 Cal.App.4th 1251, 1257 (*Doyle*) ["We begin with the ordinary and usual meaning of the language the Legislature used, and we do not alter that meaning if it is clear."].)

B.  *Analysis*

In 1997, the Legislature enacted a statute permitting a DUI misdemeanor to be prosecuted as a felony if the defendant was previously convicted of violating certain statutes involving DUI manslaughter.  (*Doyle, supra*, 220 Cal.App.4th at p. 1258, citing Stats. 1997, ch. 901, § 6.)  In 1999, that statute became what is now Vehicle Code section 23550.5.  (*Doyle*, at

p. 1258, citing Stats. 1998, ch. 118, § 84.)  Vehicle Code section 23550.5, subdivision (b) provides:  "Each person who, having previously been convicted of a violation of subdivision (a) of Section 191.5 of the Penal Code, a felony violation of subdivision (b) of Section 191.5, or a violation of subdivision (a) of Section 192.5 of the Penal Code, is subsequently convicted of a violation of [Vehicle Code] Section 23152 or 23153 is guilty of a public offense punishable by imprisonment in the state prison or confinement in a county jail for not more than one year and by a fine of not less than three hundred ninety dollars ($390) nor more than one thousand dollars ($1,000)."

We find nothing ambiguous in this language and fail to see how it could reasonably be interpreted to mean anything other than that the statute applies *only* to prior convictions for violating Penal Code section 191.5, subdivisions (a) or (b), or Penal Code section 192.5, subdivision (a).  Morgan was never convicted of violating any of these Penal Code sections.  His 1981 convictions predated the enactment of Penal Code sections 191.5 and 192.5, and they were for other offenses not listed as qualifying priors in the statute: vehicular manslaughter caused by unlawful exhibition of speed (former Pen. Code, § 192, subd. 3(a); Veh. Code, § 23109) and DUI (former Veh. Code, § 23101, subd. (a)).

The People do not dispute this fact.  Instead, they argue that Morgan's 1981 convictions are, taken together, "equivalent" to a violation of current Penal Code section 191.5, subdivision (a) for gross vehicular manslaughter

8

while intoxicated.[3]  The People contend that because Morgan's 1981 prior convictions predated Penal Code section 191.5, the trial court properly analyzed their elements to determine that they included all the essential elements for a violation of modern-day Penal Code section 191.5, subdivision (a).  According to the People, Morgan's prior convictions therefore fall "within the meaning of" Vehicle Code section 23550.5, subdivision (b), such that the trial court properly elevated his current DUI misdemeanors to felonies.

In making this argument, the People urge us to focus on factors outside of the plain meaning of the statute.  They point to the trial court's finding that, before the codification of Penal Code section 191.5 in 1986, there was no unitary law that addressed vehicular manslaughter while intoxicated, so the only way to charge such conduct was through a combination of charging violations of former Penal Code section 192, subdivision 3, and former Vehicle Code section 23101.  The People argue that the trial court properly applied an elements analysis similar to what is used for analyzing foreign convictions, as the prosecutor urged it to do.  They further contend that Morgan's literal reading of Vehicle Code section 23550.5 conflicts with the Legislature's intent in enacting Penal Code section 191.5, whereas the trial court's approach effectuated the Legislature's intent and should therefore be affirmed.

---

[3]  Penal Code section 191.5, subdivision (a) provides:  "Gross vehicular manslaughter while intoxicated is the unlawful killing of a human being without malice aforethought, in the driving of a vehicle, where the driving was in violation of Section 23140, 23152, or 23153 of the Vehicle Code, and the killing was either the proximate result of the commission of an unlawful act, not amounting to a felony, and with gross negligence, or the proximate result of the commission of a lawful act that might produce death, in an unlawful manner, and with gross negligence."  This statute was first enacted in 1986, then repealed and reenacted in 1990, operative in 1992.  (Stats. 1986, ch. 1106, § 2; Stats. 1990, ch. 1698, §§ 3, 4.)

9

We reject these contentions for several reasons. First, the Legislature has enacted no statutory provision authorizing courts to engage in such an elements analysis for old California convictions, as it has explicitly done for foreign convictions. Under the Vehicle Code, a foreign conviction that would be a violation of Vehicle Code section 23152 or 23153 or Penal Code section 191.5 "if committed in this state" must be treated is if it were an equivalent California conviction. (Veh. Code, § 23626.) Under this statute, "the conduct underlying the foreign conviction [must] meet all the elements of the California offense." (*People v. Crane* (2006) 142 Cal.App.4th 425, 433.) Similarly, other Penal Code provisions explicitly authorize the use of an elements test to treat foreign convictions as qualifying priors. (See, e.g., Pen. Code, § 667, subd. (a)(1) ["A person convicted of a serious felony who previously has been convicted . . . of any offense committed in *another jurisdiction* that includes all of the elements of any serious felony, shall receive . . . a five-year enhancement[.]" (italics added)]; *id.*, subd. (d)(2) ["A prior conviction in *another jurisdiction* for an offense that, if committed in California, is punishable by imprisonment in the state prison constitutes a prior conviction of a particular serious or violent felony if the prior conviction *in the other jurisdiction* is for an offense that includes all of the elements of a particular violent felony[.]" (italics added)].)

The People cite no similar statutory provision authorizing courts to apply such an elements analysis to old California convictions not specifically listed as qualifying priors in Vehicle Code section 23550.5, subdivision (b). We may not substitute our own judgment for that of the Legislature as expressed in the plain language of the statute. (*County of San Diego v. State of California* (2008) 164 Cal.App.4th 580, 597 (*County of San Diego*).) Courts do not have the authority to expand the scope of the statute beyond its plain

meaning, even if we think it would serve the Legislature's purpose. Our judicial task is to interpret and determine what the Legislature has done, not what we—or the People—believe it could or should have done. (*Ibid.*)

Second, the statutory scheme demonstrates that the Legislature knew how to include older convictions when it wanted to. Indeed, the Legislature explicitly included some prior convictions sustained under "former" statutes in Vehicle Code section 23550.5, subdivision (a)(1), which provides: "(a) A person is guilty of a public offense, punishable by imprisonment in the state prison or confinement in a county jail for not more than one year and by a fine of not less than three hundred ninety dollars ($390) nor more than one thousand dollars ($1,000) if that person is convicted of a violation of Section 23152 or 23153, and the offense occurred within 10 years of any of the following: [¶] (1) A separate violation of Section 23152 that was punished as a felony under Section 23550 or this section, or both, or under *former* Section 23175 or *former* Section 23175.5, or both." (Italics added.) This underscores that the Legislature could have also chosen to include prior convictions under other older statutes no longer in effect, such as former Penal Code section 192, subdivision 3(a), or former Vehicle Code section 23101, but it elected not to do so. (See *In re Ethan C.* (2012) 54 Cal.4th 610, 638 ["When language is included in one portion of a statute, its omission from a different portion addressing a similar subject suggests that the omission was purposeful."].)

The Legislature also could have included broader language not tied to any specific statute if it had wished to include violations of statutes it deemed "equivalent" to those specifically listed in Vehicle Code section 23550.5, subdivision (b). In Penal Code section 1192.7, for example, the Legislature defined "serious felony" to include any "grand theft involving a firearm" (Pen. Code, § 1192.7, subd. (c)(26)), whereas for other crimes within that same

11

subdivision, it referenced specific Penal Code and Health and Safety Code sections (see, e.g., Pen. Code, § 1192.7, subd. (c)(24), (25)). The Legislature could have used similarly broad language in Vehicle Code section 23550.5, subdivision (b), such as by including any prior conviction for "vehicular manslaughter while driving under the influence." But the Legislature chose not to employ such general language, instead referring only to convictions for violating specific Penal Code and Vehicle Code sections. Again, it is not our role to second-guess that choice. (*County of San Diego*, *supra*, 164 Cal.App.4th at p. 597 [" 'It also is hornbook law that courts are not authorized to second-guess the motives of a legislative body[.]'. . . . 'As long as that body does not exceed its powers, and its judgment is not influenced by corruption, a court cannot substitute its judgment for that of the Legislature.' "].) The plain language chosen by the Legislature makes clear that Vehicle Code section 23550.5, subdivision (b), does not apply to Morgan's 1981 prior convictions.

Third, the People's argument disregards the critical role prosecutorial discretion plays in making charging decisions and negotiating dispositions. We cannot simply assume that a prosecutor would have chosen to charge Morgan with a violation of Penal Code section 191.5 if the statute had been in existence in 1981. As the Supreme Court has explained, " 'prosecutorial discretion to choose, for each particular case, the actual charges from among those potentially available arises from " 'the complex considerations necessary for the effective and efficient administration of law enforcement.' " [Citation.] The prosecution's authority in this regard is founded, among other things, on the principle of separation of powers, and generally is not subject to supervision by the judicial branch.' " (*People v. Lopez* (2020) 9 Cal.5th 254,

12

276.) The prosecution enjoys similar discretion in negotiating plea bargains. (*In re Alvernaz* (1992) 2 Cal.4th 924, 943.)

The facts underlying Morgan's 1981 convictions illustrate the point. According to the probation officer's report and sentencing recommendation in this case, Morgan had been driving his friends home from a party in 1979 when they encountered an acquaintance from school driving a van. Morgan and the driver of the van began speeding and playing a game of "tag" in their vehicles, during which Morgan hit a parked vehicle while the driver of the van hit a different vehicle, killing three people inside. Both Morgan and the other driver had been drinking alcohol. Morgan's probation officer noted that "defendant acknowledged the role he played in the tragic deaths in 1979, but at the time, he was also a youthful and naive 19 year-old who would have certainly not have been punished in the same manner by today's standards in sentencing."

We do not assume or rely on the truth of these facts but rather recite them just to demonstrate that the prosecutor may have chosen to pursue a lesser charge against Morgan even if Penal Code section 191.5 had been in effect at the time. Alternatively, even if the crime had been charged, the prosecution might have agreed to a plea to lesser charges. We cannot rewind time and determine how prosecutorial discretion would have been exercised in a counter-factual world four decades ago.

Finally, we reject the People's argument that a literal reading of Vehicle Code section 23550.5 is at odds with the Legislature's intent in enacting Penal Code section 191.5. Statutory construction begins with "the ordinary and usual meaning of the language the Legislature used, and we do not alter that meaning if it is clear. We resort to extrinsic aids to understand the Legislature's intent only if the Legislature's language can reasonably be

13

interpreted more than one way." (*Doyle*, *supra*, 220 Cal.App.4th at p. 1257.) As we have explained, the Legislature's language in subdivision (b) of Vehicle Code section 23550.5 cannot reasonably be interpreted more than one way. Because we have determined that we need not go beyond the language of the statute, we decline to follow the People's suggestion that we consider the Legislature's findings and declarations in enacting Penal Code section 191.5 to determine its intent in enacting Vehicle Code section 23550.5.

Accordingly, we conclude that Vehicle Code section 23550.5, subdivision (b), does not apply to Morgan's 1981 prior convictions and therefore should not have been used to elevate his current DUI convictions from misdemeanors to felonies.

## DISPOSITION

Morgan's sentence is vacated. The matter is remanded to the trial court with directions to resentence Morgan to misdemeanor violations of Vehicle Code section 23152, subdivisions (a) and (b). In all other respects, the judgment is affirmed.


BUCHANAN, J.

WE CONCUR:


McCONNELL, P. J.


O'ROURKE, J.

14