[No. D058656. Fourth Dist., Div. One. Apr. 4, 2012.]

THE PEOPLE, Plaintiff and Respondent, v.
GEORGE WESLEY SELF, Defendant and Appellant.

1056

**Counsel**

Thomas E. Robertson, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., and Kamala D. Harris, Attorneys General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Garrett Beaumont and Eric A. Swenson, Deputy Attorneys General, for Plaintiff and Respondent.

**Opinion**

**McINTYRE, J.**—George Wesley Self appeals from a judgment arising from his arrest for driving under the influence of alcohol. He was convicted of multiple violations of the Vehicle Code and the court found true allegations that he had three prior driving under the influence convictions, two in California and one in Arizona. Based on the true findings, the court elevated his sentence from a misdemeanor to a felony under Vehicle Code section

23550, subdivision (a), which allows for sentence enhancement if the defendant had *three or more* qualifying convictions in the preceding 10 years. (Undesignated statutory references are to the Vehicle Code.) He challenges the true findings on the Arizona conviction, contending (1) it could not be used as a qualifying conviction for purposes of section 23550 because it did not rise to the level of a driving under the influence conviction under California law and (2) the evidence was insufficient to establish beyond a reasonable doubt that the Arizona offense was a qualifying prior conviction. We agree that the Arizona conviction was not a qualifying conviction and reverse the true findings.

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2010, San Diego County Deputy Sheriff Matthew Mays stopped Self for suspected drunk driving. Self was subsequently arrested and charged with driving under the influence of alcohol (count 1), driving with a blood-alcohol content (BAC) of 0.08 percent or higher (count 2), disobeying a court order (count 3), driving while his license was suspended and revoked for a prior conviction (count 4), driving with a BAC of 0.01 percent or higher while on probation for a qualifying conviction (count 5), and failing to provide evidence of financial responsibility for the vehicle he was driving (count 6). In counts 1 and 2, the People also alleged that Self had California convictions in 2005 and 2009 for driving with a BAC of 0.08 percent or greater in violation of Vehicle Code section 23152, subdivision (b), and an Arizona conviction in 2007 for violating Arizona Revised Statutes section 28-1381A.1.

At his preliminary hearing, Self moved to dismiss the special allegations regarding the Arizona conviction, arguing that the offense did not constitute a qualifying conviction in California because the Arizona statute criminalized driving while "impaired to the slightest degree" (Ariz. Rev. Stat. § 28-1381A.1) whereas a greater degree of impairment is required under California law. Based on handwritten notations on Self's Arizona judgment indicating BAC levels of 0.151 and 0.157 percent, the court found sufficient evidence to substantiate the Arizona conviction and denied the motion.

Self renewed his challenge to the Arizona conviction by filing a motion to dismiss under Penal Code section 995. He argued that the notations on the Arizona judgment regarding his BAC should not be considered because they were not a part of the record of conviction and constituted inadmissible hearsay. Finding that it was proper to consider the BAC notations on the judgment, the court denied the motion.

At trial, Self objected to the admission of the Arizona judgment and his related traffic ticket, which also had a handwritten BAC notation. The court overruled the objection in part, finding that it could consider the Arizona complaint, plea and judgment, and sustained it "as to some of the information contained in the actual traffic ticket." The court then admitted the complaint, plea, judgment and traffic ticket into evidence.

Following a bench trial, the court convicted Self on all counts and found true the prior conviction allegations. The court granted Self probation on the condition that he serve 365 days in county jail (with 261 days of credit for time served) and that he enroll in a residential treatment program for six months.

## DISCUSSION

Self contends the trial court should not have used his Arizona conviction to enhance his sentence because the Arizona statute criminalizes a lower level of intoxication than is required for a driving under the influence conviction in California. He argues that in finding the Arizona conviction to be a qualifying offense, the trial court erred in considering notations on the judgment because they were (1) outside the record of conviction and (2) constitute inadmissible hearsay. He also claims there was insufficient evidence to establish beyond a reasonable doubt that his Arizona conviction was a qualifying conviction in California. We conclude that in finding the Arizona offense to be a qualifying conviction, the trial court erred in relying on evidence outside the record of conviction and thus need not consider Self's remaining arguments.

### A. *General Principles*

██ Section 23152, subdivisions (a) and (b), make it unlawful for any person "who is under the influence of any alcoholic beverage" or has a BAC of 0.08 percent or greater to drive a vehicle. The sentence for a section 23152 conviction is enhanced if the defendant had *three or more* qualifying convictions under sections 23103 (reckless driving), 23152 (driving under the influence), or 23153 (driving under the influence resulting in bodily injury) in the preceding 10 years. (§ 23550, subd. (a).) "A conviction of an offense in any state, territory, or possession of the United States . . . that, if committed in this state, would be a violation of Section 23152 . . . is a conviction of Section 23152 . . . for the purposes of [the Vehicle Code]." (§ 23626.)

 The People must prove all elements of an alleged sentence enhancement beyond a reasonable doubt. (*People v. Tenner* (1993) 6 Cal.4th 559, 566 [24 Cal.Rptr.2d 840, 862 P.2d 840].) This rule applies equally to California convictions and to those from foreign jurisdictions. (*People v. Woodell* (1998) 17 Cal.4th 448, 453 [71 Cal.Rptr.2d 241, 950 P.2d 85].) To use a prior foreign conviction to elevate a section 23152 offense to a felony, the foreign statute must contain the same elements as the California statute. (*People v. Crane* (2006) 142 Cal.App.4th 425, 433 [48 Cal.Rptr.3d 334] (*Crane*).)

"If the statutory definition of the crime in the foreign jurisdiction contains all of the necessary elements to meet the California definition, the inquiry ends. If the statutory definition of the crime in the foreign jurisdiction does not contain the necessary elements of the California offense, the court may consider evidence found within the record of the foreign conviction in determining whether the underlying conduct would have constituted a qualifying offense if committed in California, so long as the use of such evidence is not precluded by rules of evidence or other statutory limitation." (*Crane, supra*, 142 Cal.App.4th at p. 433.) The record of conviction includes the charging documents, the change of plea form, and the abstract of judgment. (*People v. Garcia* (1989) 216 Cal.App.3d 233, 237 [264 Cal.Rptr. 662].) The trier of fact may also consider "facts established within the record of conviction, even if those facts were not essential to the judgment" in determining the truth of a prior conviction. (*People v. Smith* (1988) 206 Cal.App.3d 340, 344 [253 Cal.Rptr. 522] [court considered defendant's admission that he entered a residence, although this fact was not essential to his second degree burglary conviction].) However, "if the prior conviction was for an offense that can be committed in multiple ways, and the record of the conviction does not disclose how the offense was committed, a court must presume the conviction was for the least serious form of the offense." (*People v. Delgado* (2008) 43 Cal.4th 1059, 1066 [77 Cal.Rptr.3d 259, 183 P.3d 1226] (*Delgado*).)

B. *The Arizona Conviction*

 Self pleaded guilty in Arizona to a violation of Arizona Revised Statutes section 28-1381A.1, and all other charges against him were dismissed. The Arizona conviction was used as one of the three prior convictions needed to enhance Self's sentence under section 23550, subdivision (a). Arizona Revised Statutes section 28-1381A.1, makes it "unlawful for a person to drive or be in actual physical control of a vehicle . . . [¶] . . . [w]hile under the influence . . . if the person is impaired to the *slightest degree*." (Ariz. Rev. Stat. § 28-1381A.1, italics added.) Notably, Arizona Revised Statutes section 28-1381A.1, does not include a BAC element. However, it can be inferred that a conviction under this section indicates a BAC of less than 0.08 percent

because other provisions criminalize driving or being in control of a vehicle with specific BAC levels over that amount. (Ariz. Rev. Stat. §§ 28-1381A.2 [BAC of 0.08 percent or greater], 28-1382A [BAC of 0.15 percent or greater].)

In *Crane*, the court considered whether a conviction under a similar Colorado statute that made it "illegal for a person to drive when affected *to the slightest* degree" would qualify as a prior driving under the influence conviction in California. (*Crane, supra*, 142 Cal.App.4th at p. 432.) The court found that "[b]ecause the Colorado . . . statute punishes 'the slightest degree' of impairment, and because . . . section 23152 requires impairment to an appreciable degree, the Colorado statute punishes conduct which would not violate section 23152. It therefore does not meet the test set forth in section 23626 . . . ." (*Ibid.*)

Similar to the Colorado statute considered in *Crane*, Arizona Revised Statutes section 28-1381A.1, criminalizes driving or physical control of a vehicle while impaired "to the slightest degree." Thus, the Arizona statute does not contain the same elements as section 23152, which requires an appreciable degree of impairment. Because the statutory definitions vary, the trial court was entitled to look to the Arizona record of conviction to determine whether the conduct underlying Self's offense would have violated section 23152. (*Crane, supra*, 142 Cal.App.4th at p. 433.)

In finding Self's Arizona conviction to be the equivalent of a section 23152 violation, the trial court considered documents from the Arizona case, including the judgment. On the judgment and sentence form, there was a space to fill in a BAC level with handwritten notations of 0.151 and 0.157. We must consider whether it was proper for the trial court to consider these notations in finding the Arizona conviction to be a qualifying conviction for purposes of enhancement under section 23550.

Several cases have considered the issue of whether notations on court documents were part of the record of conviction for purposes of sentence enhancement. In *Crane*, there was a handwritten notation of defendant's BAC in the margin of a section entitled "Trial/Plea/Sentence" in the court's minutes. (*Crane, supra*, 142 Cal.App.4th at p. 434.) The court found the notation was not a part of the " 'record of conviction' of which the court could take judicial notice, w[as] inadmissible hearsay, and did not in any way establish that the BAC was either admitted by or adjudicated against defendant . . . ." (*Ibid.*)

In *Delgado*, the court considered a notation on an abstract of judgment to determine whether the prior conviction constituted a serious felony. (*Delgado, supra*, 43 Cal.4th at p. 1064.) Delgado pleaded guilty to a violation of Penal Code section 245, subdivision (a)(1), which punishes assault committed either by means likely to produce great bodily injury *or* with a deadly weapon. (*Delgado*, at p. 1064.) A conviction under the deadly weapon prong would be a serious felony for purposes of enhancement, while a conviction under the great bodily injury prong would not. (*Id.* at p. 1065.) In a box on the abstract of judgment entitled " 'SECTION NUMBER' " there was a notation of " '245(A)(1)' " and in a box entitled " 'CRIME' " there was a notation of " 'Asslt w DWpn.' " (*Id.* at p. 1064.) The *Delgado* court held that "[w]here . . . the abstract first identified the statute by section number, then separately and clearly described only one of the two means by which the statute can be violated, the court was not required to assume the descriptive language was mere surplusage." (*Id.* at p. 1071; see also *People v. Miles* (2008) 43 Cal.4th 1074, 1093–1094 [77 Cal.Rptr.3d 270, 183 P.3d 1236] (*Miles*) [court relied on " 'bank robbery' " notation on federal judgment form to conclude there was sufficient evidence to establish he had a prior qualifying conviction for sentence enhancement].)

■ Self argues the instant case is similar to *Crane* and distinguishable from *Delgado* and *Miles*. We agree. In *Delgado* and *Miles*, the statutes under which the defendants were convicted could be violated in multiple ways and the notations were used to identify which of two prongs the defendant violated. (*Delgado, supra*, 43 Cal.4th at p. 1071; *Miles, supra*, 43 Cal.4th at pp. 1081–1084.) Self, on the other hand, was convicted under a statute that could only be violated in one way (impairment to the "slightest degree") and the notation regarding his BAC was not relevant to a determination of the crime he committed. Rather, the judgment and Self's guilty plea make it clear that he was not convicted of crimes requiring an appreciable degree of impairment because boxes on the forms referencing crimes with BAC elements of 0.08 percent or greater were not checked. Further, we find it significant that Self pleaded guilty to the lesser crime of impairment to the slightest degree and the charge of driving or being in control of a vehicle with a BAC of 0.15 percent or greater (Ariz. Rev. Stat. § 28-1382A.1) was dismissed. As in *Crane*, the notations on the judgment "did not in any way establish that the BAC was either admitted by or adjudicated against [Self]" in Arizona. (*Crane, supra*, 142 Cal.App.4th at p. 434.) We find no evidence in the record of conviction to support a finding that Self's Arizona offense would have constituted a violation of section 23152. Without the Arizona conviction, the section 23550, subdivision (a), enhancement must be reversed because the People did not prove Self had three or more qualifying convictions under that statute.

## DISPOSITION

The conviction pursuant to section 23550, subdivision (a), is reversed. The sentence is vacated and the case is remanded for resentencing consistent with this opinion.

McConnell, P. J., and Benke, J., concurred.