Filed 10/3/23  P. v. Alvarez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>FRANCISCO ALVAREZ,<br><br>    Defendant and Appellant. | G061783<br><br>(Super. Ct. No. 15ZF0005)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Kazuharu Makino, Judge.  (Retired Judge of the Orange Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Justin Behravesh, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Francisco Alvarez filed a petition for resentencing pursuant to former Penal Code section 1170.95.[1]  The trial court denied Alvarez resentencing relief at the prima facie hearing on the petition.  Appointed counsel for Alvarez filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), setting forth the facts of the case, and asked this court to conduct an independent review of the record.  Acknowledging *Anders v. California* (1967) 386 U.S. 738, counsel also identified a potential issue to assist in our independent review.  Alvarez was given an opportunity to file a supplemental brief but did not do so.  Under *Delgadillo*, we exercise our discretion to conduct an independent review of the record.

We have examined the entire record and we find no reasonably arguable issue.  (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)  We therefore affirm.


FACTS AND PROCEDURAL BACKGROUND

In September 2018, Alvarez pleaded guilty to attempted murder (§§ 664, subd. (a), 187, subd. (a); count 1) and aggravated assault on a peace officer (§ 245, subd. (c); count 2).  He also admitted to personally using a deadly weapon (§ 12022, subd. (b)(1)) and inflicting great bodily injury (§ 12022.7, subd. (a)) as to count 1.  The trial court imposed a total prison sentence of 14 years 4 months.

In May 2022, Alvarez filed a petition for resentencing on count 1 pursuant to section 1172.6 and counsel was appointed for him.  The People filed a response to Alvarez's petition, arguing it should be denied.  A prima facie hearing on the petition was conducted by the trial court.  At this hearing the trial court reviewed the petition, the People's response, as well as the record of conviction, and found Alvarez had failed to establish a prima facie showing for relief. Alvarez appealed.

---

[1]  Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)  We will refer to the statute as section 1172.6.  All further statutory references are to the Penal Code.

## DISCUSSION

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1015 (Senate Bill 1437)) amended the felony-murder rule and the natural and probable consequences doctrine as it relates to murder "'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) Senate Bill 1437 also created procedures "for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*Lewis*, at p. 957.) A subsequent amendment to former section 1170.95 extended relief to defendants convicted of attempted murder based on the natural and probable consequences doctrine or manslaughter. (Sen. Bill No. 775 (2021–2022 Reg. Sess.) § 1; Stats. 2021, ch. 551 (Senate Bill 775).)

After receipt of a section 1172.6 resentencing petition, counsel shall be appointed upon petitioner's request. (§ 1172.6, subd. (b)(1)–(3).) The prosecutor must then file a response to the petition, and a reply may be filed by the petitioner. (§ 1172.6, subd. (c).) The trial court shall then "hold a hearing to determine whether the petitioner has made a prima facie case for relief." (*Ibid.*)

At the prima facie hearing, the trial court may rely on the record of conviction. (*Lewis, supra*, 11 Cal.5th at pp. 970–971.) The record of conviction may include the charging document, change of plea form, and abstract of judgment. (*People v. Self* (2012) 204 Cal.App.4th 1054, 1059.) "The record of conviction will necessarily inform the trial court's prima facie inquiry under [former] section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis, supra*, at p. 971.)

Appellate counsel suggests we consider whether the facts admitted to by Alvarez in his guilty plea were sufficient to establish a prima facie showing of relief. When considering a plea, "a petitioner convicted of murder is ineligible for resentencing if the record establishes, as a matter of law, that (1) the complaint, information, or indictment did not allow the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or another theory of imputed malice; (2) the petitioner was not convicted under such theory; or (3) the petitioner could presently be convicted of murder or attempted murder under the law as amended by Senate Bill No. 1437 (2017–2018 Reg. Sess.)." (*People v. Flores* (2022) 76 Cal.App.5th 974, 987.)

Here, the trial court reviewed the record of conviction and found Alvarez to be "the actual perpetrator." His conviction "was not based on natural or probable consequences or any other form of vicarious liability, aiding and abetting." In his guilty plea form, which Alvarez initialed and signed under the penalty of perjury, he admitted the following: "I willfully and unlawfully attempted to kill Joseline A., a human being, with specific intent to kill. I was further personally armed with a knife and personally inflicted great bodily injury on her." By admitting these allegations, Alvarez admitted facts necessary to sustain his conviction under the law as amended by Senate Bills 1437 and 775.

After independently reviewing the entire appellate record, we find no arguable issues.

## DISPOSITION

The postjudgment order denying the resentencing petition is affirmed.


MOTOIKE, J.

WE CONCUR:



MOORE, ACTING P.J.



SANCHEZ, J.