Filed 12/11/23  P. v. Anderson CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D081411 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD284975) |
| MYLES DEANDRE ANDERSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Jeffrey F. Fraser, Judge.  Reversed.

Pauline E. Villanueva, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina, Lynne G. McGinnis and Christine Levinston Bergman, for Plaintiff and Respondent.

Defendant Myles Deandre Anderson appeals the denial of his petition for resentencing under Penal Code section 1172.6.[1] We conclude that the record of conviction does not refute Anderson's prima facie case for relief as a matter of law. Accordingly, we reverse.

FACTUAL AND PROCEDURAL BACKGROUND

In 2020, Anderson pleaded guilty to attempted murder in violation of sections 664 and 187, subdivision (a). He admitted to personally using a firearm, within the meaning of section 12022.53, subdivision (b), and that the offense was committed for the benefit of a criminal street gang, within the meaning of section 186.22, subdivision (b)(1). Anderson's change of plea form, phrased in statutory language, admitted that he "unlawfully attempted to murder a human being while personally using a firearm and in furtherance or for the benefit of a criminal street gang, to wit, Lincoln Park, a criminal street gang." At his change of plea hearing, the court said:

> "The factual basis of your plea has been listed on the plea form, and it states that you did unlawfully attempt to murder a human being while personally using a firearm and in furtherance of, for the benefit of a criminal street gang, specifically Lincoln Park, which is a criminal street gang. Is that what happened?"

Anderson said, "Yes." In accordance with the plea agreement, the court sentenced him to 15 years in prison.

In 2022, Anderson filed a petition for resentencing pursuant to section 1172.6. Using a form petition, Anderson claimed:

---

[1]    Further undesignated statutory references are to the Penal Code.

2

1. "A complaint, information, or indictment was filed against [him] that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine. ([Former § 1170.95, subd. (a)(l), now § 1172.6)].)";

2. "[He] accepted a plea offer in lieu of a trial at which [he] could have been convicted of murder or attempted murder. ([§ 1172.6, subd. (a)(2)].)"; and

3. "[He] could not presently be convicted of murder or attempted murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019. ([§ 1172.6, subd. (a)(3)].)"

The People filed a brief in opposition, and Anderson (through court-appointed counsel) submitted a reply brief.

The court held a hearing and denied the petition, drawing attention to the change of plea form, "page 3, which . . . very clearly states that 'the defendant personally used a firearm, and in furtherance [*sic*] in order to help a criminal street gang.'" A written order, filed several days later, stated: "Petitioner pled to attempted murder as a direct perpetrator. [¶] Petitioner admitted in the change of plea to personally using a firearm during the attempted murder, and in the furtherance of and for the benefit of, a criminal street gang. [¶] Accordingly, the Petition is denied."

## DISCUSSION

Senate Bill No. 1437 (2017–2018 Reg. Sess.) amended the felony murder rule and the natural and probable consequences doctrine as related to murder " 'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major

3

participant in the underlying felony who acted with reckless indifference to human life.' " (*Ibid.*; *People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) "The Legislature also amended the natural and probable consequences doctrine by adding subdivision (a)(3) to section 188, which states that '[m]alice shall not be imputed to a person based solely on his or her participation in a crime.' " (*People v. Harden* (2022) 81 Cal.App.5th 45, 51.)

In addition, Senate Bill No. 1437 created procedures "for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*Lewis, supra*, 11 Cal.5th at p. 957.) The Legislature subsequently extended relief to defendants convicted of attempted murder based on the natural and probable consequences doctrine. (Sen. Bill No. 775, ch. 551 (2021–2022 Reg. Sess.) § 1.)

Under these procedures, now codified at section 1172.6, a person convicted of "attempted murder under the natural and probable consequences doctrine . . . may file a petition with the court that sentenced the petitioner to have the . . . conviction vacated and to be resentenced on any remaining counts." (§ 1172.6, subd. (a).) After receipt of such petition, the trial court must "hold a hearing to determine whether the petitioner has made a prima facie case for relief." (*Id.*, subd. (c).)

In determining whether there is a prima facie case for relief, the trial court may rely on the record of conviction (*Lewis, supra*, 11 Cal.5th at pp. 970–971), which includes "the charging documents, the change of plea form, and the abstract of judgment" (*People v. Self* (2012) 204 Cal.App.4th 1054, 1059). "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis, supra*, 11 Cal.5th at p. 972.) A petitioner may be found summarily ineligible for

4

resentencing only "if the record establishes, as a matter of law, that . . . [he or she] could presently be convicted of . . . attempted murder." (*People v. Flores* (2022) 76 Cal.App.5th 974, 987 (*Flores*).) We independently review a trial court's determination as to whether a petitioner has made an adequate prima facie showing. (*People v. Bratton* (2023) 95 Cal.App.5th 1100, 1113.)

The offense and enhancements in Anderson's plea do not inherently eliminate the possibility that he could have been convicted under a now-invalid theory. "[U]nder the natural and probable consequences doctrine, an aider and abettor is guilty not only of the intended crime, but also 'for any other offense that was a "natural and probable consequence" of the crime aided and abetted.' " (*People v. McCoy* (2001) 25 Cal.4th 1111, 1117.) At the time Anderson pleaded guilty, it was not clear that the natural and probable consequences doctrine no longer supported a conviction for attempted murder. (See *People v. Sanchez* (2022) 75 Cal.App.5th 191, 193.)

In finding Anderson ineligible for resentencing relief as a matter of law, the trial court relied on Anderson's stipulation in support of his plea that he "unlawfully attempted to murder a human being while personally using a firearm." Anderson contends that this statement is not sufficient to prove that he is ineligible for resentencing because it "did nothing more than track the bare statutory elements for attempted murder." We agree.

A section 1172.6 resentencing petition can only be denied at the prima facie stage if there are facts in the record of conviction that conclusively refute the petitioner's assertions as a matter of law. (*Flores*, *supra*, 76 Cal.App.5th at p. 987.) Here, Anderson's nearly identical admissions in the change of plea form and at the change of plea hearing lack sufficient clarity to foreclose the possibility that he might be entitled to relief. Although these statements could convey that Anderson personally used a gun to try to kill a

5

person, they could also be interpreted to mean that he engaged in conduct amounting to a violation of sections 664 and 187, subdivision (a) and associated enhancements under sections 12022.53, subdivision (b), and 186.22, subdivision (b)(1).

Anderson's admission to personal use of a firearm under section 12022.53, subdivision (b) does not necessarily foreclose an attempted murder conviction on a natural and probable consequences theory. "Personal use of a firearm may be found where the defendant intentionally displayed a firearm in a menacing manner in order to facilitate the commission of an underlying crime." (*People v. Carrasco* (2006) 137 Cal.App.4th 1050, 1059.) Use does not require discharge of the weapon, or even that the weapon be pointed at the victim. (See *People v. Granado* (1996) 49 Cal.App.4th 317, 322.)

In other words, Anderson's concession that he violated the attempted murder statutes, coupled with an agreement to personal use of a firearm that might mean he simply *brandished* a gun, does not necessarily admit conduct that conclusively forecloses section 1172.6 relief. As there are no other relevant facts in Anderson's scant record of conviction, we conclude that the trial court erred in summarily denying Anderson's petition and not affording him an evidentiary hearing under section 1172.6, subdivision (d).

## DISPOSITION

We reverse the trial court's order denying the petition.  On remand, the trial court is directed to issue an order to show cause pursuant to section 1172.6, subdivision (c), and to conduct an evidentiary hearing pursuant to subdivision (d).  We express no opinion on the outcome of that hearing.


DATO, J.

WE CONCUR:


O'ROURKE, Acting P. J.


DO, J.

7