Filed 1/16/25  P. v. Dominguez CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>HENRY CURTIS DOMINGUEZ,<br><br>    Defendant and Appellant. | D083247<br><br><br>(Super. Ct. No. SCN382527) |

APPEAL from an order of the Superior Court of San Diego County, Sim von Kalinowski, Judge.  Affirmed.

Cindy Brines, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley, and Michael D. Butera, Deputy Attorneys General, for Plaintiff and Respondent.

Henry Curtis Dominguez appeals the denial of his petition for resentencing under Penal Code[1] section 1172.6. We conclude that the record of conviction conclusively establishes his ineligibility for relief. Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2018, Dominguez pled guilty to attempted murder (§§ 664 & 187, subd. (a)). He also admitted to personally using a firearm (§ 12022.53, subd. (b)) and inflicting great bodily injury (§ 1192.7, subd. (c)(8)). Dominguez admitted in his change of plea form that he "unlawfully attempted to murder [V.B.]" and that he "personally and intentionally used a firearm in the attempted commission of the above offense (to wit, a revolver) and personally inflicted great bodily injury[.]" At his change of plea hearing, the court said:

> "[T]he change of plea form says as follows: That you unlawfully attempted to murder [V.B.], . . . a human being. And you admit personally intentionally using a firearm in the attempted commission of the above offense; to wit, a revolver, and you personally inflicted great bodily injury on the victim. Is that what happened?"

Dominguez answered, "Yes, your honor." The court sentenced him to 19 years in prison.

In 2022, Dominguez filed a form petition for resentencing under section 1172.6, which provides procedures for a person convicted of attempted murder under the natural and probable consequences doctrine to ask for their conviction to be vacated. (See § 1172.6, subd. (a); *People v. Lewis* (2021) 11 Cal.5th 952, 959–960 (*Lewis*).) After considering the parties' briefs and holding a hearing on whether Dominguez had made a prima facie case for relief, the trial court denied Dominguez's petition, ruling that it was

---

[1]     Undesignated statutory references are to the Penal Code.

indisputable that Dominguez was the sole perpetrator in the attempted murder of [V.B.] and therefore ineligible for resentencing as a matter of law. The court further noted that Dominguez "was the sole defendant; he admitted he attempted to murder [V.B.]; he admitted he personally and intentionally used a firearm in committing the crime and admitted he personally inflicted great bodily injury[.]"

DISCUSSION

Senate Bill No. 1437 (2017–2018 Reg. Sess.) amended the felony murder rule and eliminated the natural and probable consequences doctrine as related to murder " 'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*Ibid.*; *Lewis, supra*, 11 Cal.5th at p. 959.) "[U]nder the natural and probable consequences doctrine, an aider and abettor is guilty not only of the intended crime, but also 'for any other offense that was a "natural and probable consequence" of the crime aided and abetted.' " (*People v. McCoy* (2001) 25 Cal.4th 1111, 1117.) In enacting Senate Bill No. 1437, the Legislature eliminated the natural and probable consequences doctrine for murder by adding subdivision (a)(3) to section 188, which states that " '[m]alice shall not be imputed to a person based solely on his or her participation in a crime.' " (*People v. Harden* (2022) 81 Cal.App.5th 45, 51.)

In addition, Senate Bill No. 1437 created procedures for those with murder convictions who could not be convicted under the law as amended to retroactively seek relief. (*Lewis, supra*, 11 Cal.5th at p. 957.) The Legislature subsequently extended relief to defendants convicted of attempted murder based on the natural and probable consequences doctrine.

3

(Sen. Bill No. 775, ch. 551 (2021–2022 Reg. Sess.) § 1.) Under those procedures now codified in section 1172.6, a person convicted of attempted murder under the natural and probable consequences doctrine may file a petition with the sentencing court to have the conviction vacated, and to be resentenced on any remaining counts. (§ 1172.6, subd. (a).) After receipt of such a petition, the trial court must hold a hearing to determine whether the petitioner has made a prima facie case for relief. (*Id.*, subd. (c).)

In determining whether there is a prima facie case for relief, the trial court may rely on the record of conviction (*Lewis, supra*, 11 Cal.5th at pp. 970–971), which includes "the charging documents, the change of plea form, and the abstract of judgment" (*People v. Self* (2012) 204 Cal.App.4th 1054, 1059). "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis*, at p. 972.) "The court may deny the petition at the prima facie stage only if the record of conviction conclusively establishes that the petitioner is ineligible for relief as a matter of law." (*People v. Gaillard* (2024) 99 Cal.App.5th 1206, 1211.)

"In the plea context, a petitioner convicted of murder is ineligible for resentencing if the record establishes, as a matter of law, that (1) the complaint, information, or indictment did not allow the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or another theory of imputed malice; (2) the petitioner was not convicted under such theory; or (3) the petitioner could presently be convicted of murder or attempted murder under the law as amended by [section 1172.6]." (*People v. Flores* (2022) 76 Cal.App.5th 974, 987.) We independently review a trial court's determination as to whether a

4

petitioner has made an adequate prima facie showing. (*People v. Bratton* (2023) 95 Cal.App.5th 1100, 1113.)

In his plea form, Dominguez admitted under penalty of perjury that he: (1) unlawfully attempted to murder the victim; (2) in the process of attempting to murder that victim, he personally inflicted great bodily injury; and (3) used a handgun in the commission of the offense. In addition, at the hearing on his change of plea, Dominguez confirmed under oath to the court that those statements were true and correct. Neither the information nor the plea form included any reference to the natural and probable consequences doctrine or to any other theory of imputed or vicarious liability. The admissions in support of the plea were also focused on Dominguez's personal conduct, which places Dominguez beyond the reach of section 1172.6, subdivision (a), because that section "applies by its terms only to attempted murders based on the natural and probable consequences doctrine." (*People v. Coley* (2022) 77 Cal.App.5th 539, 548.)

Moreover, Dominguez's sworn statements established his intent to kill. Not only did he admit that he "attempted to murder" the victim, but Dominguez also stated that he used a gun to do so and personally inflicted great bodily injury on the victim. Generally, admission to attempted murder carries with it an intent to kill. (See *People v. Smith* (2005) 37 Cal.4th 733, 739 [" '[a]ttempted murder requires the specific intent to kill and the commission of a direct but ineffectual act toward accomplishing the intended killing' "], quoting *People v. Lee* (2003) 31 Cal.4th 613, 623 (*Lee*).) The natural and probable consequences doctrine, at one time, provided an exception to that rule (see *Lee*, at pp. 624–625), but as noted, there is no reference to that doctrine here. Dominguez's plea goes beyond a generic statement admitting his guilt of attempted murder on an unspecified theory.

Rather, he explicitly acknowledged that he attempted to kill V.B., and in that attempt, he used a gun to inflict great bodily injury *on the victim*. Although "use" of a firearm does not require discharge of the weapon or that the weapon be pointed at the victim (see *People v. Granado* (1996) 49 Cal.App.4th 317, 322), Dominguez's admission of personal use, coupled with his admissions that he attempted to murder V.B. and caused him great bodily injury in the process, foreclose the possibility that he did not act with the requisite intent. We therefore conclude that when Dominguez pled guilty to attempted murder under those specific facts, he necessarily admitted his intent to kill. In so concluding, we decline to read each of his admissions in isolation, or to give each admission its own speculative meaning without considering it in context.

Lastly, there is no suggestion in the record that Dominguez was anything but the sole assailant in the attempted murder. We recognize that "a charging decision does not establish any facts as a matter of law" and that prosecutors need not charge or try "all codefendants together[.]" (*People v. Estrada* (2024) 101 Cal.App.5th 328, 339.) But where, as here, there is nothing whatsoever in the record of conviction to suggest that there were other potential codefendants who acted alongside Dominguez, and where Dominguez's admissions show he harbored the requisite intent to kill, personally and intentionally used a firearm to commit the attempted murder, and personally inflicted great bodily injury on the victim, we are not required to hypothesize about other purely theoretical perpetrators or imagined scenarios. As there are no other relevant facts in Dominguez's record of conviction, we conclude that the trial court did not err in denying his petition at the prima facie stage.

DISPOSITION

The order denying Dominguez's petition for resentencing under section 1172.6 is affirmed.

BUCHANAN, J.

WE CONCUR:


HUFFMAN, Acting P. J.


IRION, J.